CASE 82—ATTACHMENT FOR CONTEMPT—JANUARY 30.

## Brown, &c., v. Brown, &c.

APPEAL FROM CALDWELL CIRCUIT COURT.

1. AN APPEAL DOES NOT LIE from an order discharging an attachment for contempt. Whatever may be the extent of the power of this court to review judgments punishing for contempt, it certainly has no power to review or reverse the finding of the lower court to the effect that there is no contempt, as the order is not final, and, moreover, does not affect property rights.

2. ATTACHMENTS FOR CONTEMPT granted on account of the failure of defendants to comply with an order requiring them to pay money

Brown, &c., v. Brown, &c.

into court were properly discharged upon the ground that the delinquents were in fact unable to comply with the order, and, therefore, even if this court had jurisdiction it would not disturb the order of discharge.

WM. MARBLE and BLUE & BLUE for appellants.

The judgment complained of is a final order or its equivalent, and, therefore, the appeal lies. This is not a case of contempt. (1 Am. & Eng. Enc. of Law, pp. 617, 618; Banton v. Campbell, 2 Dana, 422; Applegate v. Applegate, 4 Met , 236.)

F. W. DARBY for appellees.

No appeal lies from the action of the court sought to be revised, it being a mere proceeding for contempt.

JUDGE HAZELRIGG delivered the opinion of the court.

After a protracted litigation the appellants succeeded in obtaining a judgment in the court below against the appellees for some four thousand dollars, which was ordered by the chancellor to be paid to his master commissioner on or before a date named in the order. Failing to comply with the order, attachments for contempt were granted, and written responses filed by each recusant, showing that the sole reason why the money had not been paid was because of financial inability so to do. Upon proof heard in open court the learned judge below was of opinion that the delinquents were, in fact, unable to comply with the order, and discharged the attachments against their persons. From this order of discharge this appeal is prosecuted.

The exercise of the power to punish for contempt is not generally subject to revision; but judgments and sentences for civil contempts especially have been the subject of review by this court to the extent at least of seeing that the sum required to be

paid is in fact due, and the conditions on which the contemnor should be discharged.   Our attention has not been called, however, to any case in this or any other court in which the finding below, to the effect that there is no contempt, has been reviewed or reversed.

From the very nature of the case, the order is not final, and, moreover, does not affect the property rights of the appellants.   We may say, however, the order of discharge seems to have been entirely proper under the facts disclosed by this record, and would not in any event be disturbed.

The appeal is dismissed for the reason indicated.

Judge GRACE not sitting.