CASE 88.—ACTION BY B. H. PAGE AGAINST W. J. NUNN AND ANOTHER.—Oct. 7, 1909.

## Nunn, &c. v. Page

Appeal from Barren Circuit Court.

S. E. JONES, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Homestead—Liabilities Enforceable Against Homestead — —Judgment for Attorney's Fees and Costs.—Under Ky. St. 1909, Sec. 900, providing that in actions for divorce the husband shall pay the costs of each party, a judgment against a husband for attorney's fees and costs in a suit for divorce brought by the wife, and subsequently dismissed, can not subject to its satisfaction the homestead of the husband exempt under section 702 against any debt except mortgages, purchase-money liens, etc.

Nunn, &c. v. Page.

2. Homestead—Liabilities Enforceable Against Homestead—Alimony.—Ky. St. 1909, Sec. 1702, exempting the homestead from the payment of any debt except one created by mortgage, purchase-money lien, etc., must be construed to permit the wife as between herself and husband, when abandoned by the husband, to share in the enjoyment of the homestead, and this can only be done by setting apart for her use a portion of it for maintenance, or divesting him of title to so much of it as is necessary to satisfy a decree for alimony.

ALLEN SANDIDGE for appellants.

### POINTS AND AUTHORITIES.

1st. The lower court properly decided that W. J. Nunn was a bona fide housekeeper, resident of this Commonwealth, and that he had not abandoned his homestead.

2nd. It was error on the part of the lower court to adjudge that, as a matter of law, W. J. Nunn was not entitled to the benefit of the homestead exemption as against a judgment in favor of the officers of the court and the attorneys for the plaintiff, rendered in the suit of his wife against him for divorce and alimony, where the action was dismissed on the wife's motion, after a reconciliation between them, and where at the time of the issual and levy of the execution, on said judgment, and the sale of the land thereunder, they, Nunn and wife, were living together upon the land and claiming it as a homestead. Kentucky Statutes, Sec. 1702; Kentucky Statutes, Sec. 900; McMakin v. McMakin, 27 Ky. Law Rep. 1211; Williams v. Monroe, 18 B. M. 514; Evans v. Stewart, &c., 38 S. W. 697; 18 Ky. Law Rep. 941.

BAIRD, RICHARDSON & SUMMERS for appellee.

Under Ky. Statutes, Sec. 900, the husband is bound for the costs in all cases unless:

(1) The wife is in fault, and (2) has ample estate to pay costs. Turner v. Turner, 23 Ky. L. R. 378; Steele v. Steele 27 Ky. L. R. 120; Civil Code, Sec. 424; Ballard v. Caperton, &c., 2 Metc. 415; Evans v. Stewart, 18 Ky. L. R. 941.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

An action for divorce and alimony instituted by the wife of appellant, W. J. Nunn, against him was dismissed by her after an answer had been filed and a

number of depositions taken. When the action was dismissed, an order was made allowing her attorneys a fee for services and a judgment was entered against W. J. Nunn in favor of the attorneys for the amount of their fee and in favor of the officers of the court for the amount of their costs, and an execution awarded. The execution was levied upon a tract of land owned by Nunn, which was sold to satisfy the execution, and purchased by the appellee Page, and thereupon Page instituted proceedings under the statute to recover possession of the land purchased by him. To this proceeding Nunn and his wife, who had resumed their marital relations when the suit was dismissed, filed a response setting up that, when the execution was issued and the land sold under it and at all times since, they were occupying the land, which was worth less than $1,000, as a homestead, and they asked that it be adjudged exempt from seizure and sale under the execution. The lower court in its judgment found as a matter of fact that Nunn had never abandoned or lost his homestead right in the land sought to be subjected, but ruled that he could not claim or hold the land under the exemption laws as against the judgment for attorneys' fees and costs in the suit of his wife against him for divorce.

Accepting as correct the finding of the lower court that Nunn was a bona fide housekeeper with a family residing upon the land, and would be entitled to it as a homestead against any other debt created or contracted at the time the judgment was entered or when the action for divorce was instituted, it only remains to determine whether or not his right to a homestead is available against the character of judgment under consideration in this proceeding. Section 900 of the

Kentucky Statutes provides that: "In actions for alimony and divorce, the husband shall pay the costs of each party, unless it shall be made to appear in the action the wife is in fault and has ample estate to pay the same." And it has been held by this court that an attorney's fee for the wife is a proper item of cost under this section, and that the allowance must be made in the divorce suit, and, further, that the court has power to compel the payment of the costs and attorney's fees allowed by execution, rule or attachment, and, also, that the fact that the parties become reconciled before a trial and the action brought by the wife is dismissed does not release the husband from liability for the fee of the wife's attorney. Williams v. Monroe, 18 B. Mon. 514; Powell v. Lilly, 68 S W. 123, 24 Ky. Law Rep. 193; Steele v. Steele, 119 Ky. 466, 84 S. W. 516; Ballard v. Caperton, 2 Metc. 412; Evans v. Stewart, 38 S. W. 697, 18 Ky. Law Rep. 941. But in our opinion neither the statute nor the cases construing it authorize the subjection of the homestead of the husband to the payment of the attorney's fees and costs. It is, however, insisted by counsel that these charges stand on the same footing as alimony and maintenance, and that, as the homestead may be subjected to the payment of maintenance and alimony, so it may be to attorney's fees and costs incurred by the wife in securing alimony and maintenance. It may be conceded, although that question is not presented by this court, although where the wife is awarded maintenance pending a divorce suit, or alimony upon its termination, that the land of the husband as between these two alone can be subjected to the payment of it, although claimed as a homestead. The exception in favor of a claim of this nature may be put upon the ground that the wife

is entitled to an interest in the homestead as it is par-
tially at least set apart as exempt for her use and
benefit as a member of the family; and so, when the
husband has compelled her to abandon his home, and
by his wrongful act deprived her of the enjoyment of
it, he should not be allowed to hold the whole of it as
against her claim for maintenance or alimony. In
this connection, however, it is well to notice that al-
though in Tyler v. Tyler, 99 Ky. 31, 34 S. W. 898, 17
R. 1341, the court held that under a judgment for ali-
mony the husband might be divested of his fee-simple
title to real estate by a sale under execution, yet this
cannot be done where it is sought only to recover
maintenance, as section 2123 of the Kentucky Statutes
provides in part, that, although the court may make
orders for the maintenance of the wife and child, ''no
such order of maintenance of children or allotment in
favor of the wife shall divest either party of the fee-
simple title to real estate.''

But there is a wide distinction between court costs
and attorney's fees and maintenance or alimony. The
attorney's fees and costs are allowed by the statute
as a claim against the husband in favor of the attor-
ney and officers rendering the service to the wife.
They are not different from any other claim that
might be presented against the husband, nor is a judg-
ment rendered for them of higher dignity than a
judgment rendered for any other debt; and there does
not appear to be any good reason why the husband
should not be allowed a homestead against these de-
mands. The homestead is allowed to an actual bona
fide housekeeper with a family, and by the terms of
the Kentucky Statutes, Sec. 1702, it cannot be sub-
jected to the payment of any debt except one created
by a mortgage or purchase-money lien, or growing

out of a liability existing prior to the purchase of the land, or the erection of improvements thereon. It will thus be seen that the statute is broad enough to save the homestead even as against maintenance or alimony adjudged the wife. But, to enable the wife to participate in the homestead, we think the statute should be so construed as to permit her when abandoned to share in the enjoyment of it, and this can only be done by setting apart for her use a portion of it for maintenance, or divesting him of title to so much of it as may be necessary to satisfy the alimony awarded. Whether or not the court would subject the whole of the homestead or any part of it to the satisfaction of a judgment in favor of the wife for alimony or maintenance, if the rights of children were involved, we need not express any opinion. It is sufficient for the purpose of the question before us to say that as between husband and wife alone the husband will not be permitted to abandon his wife or refuse to contribute to her support, and then hold as against her claim for maintenance or alimony land under the pretense that he is entitled to it as a homestead. But we are not disposed to so enlarge by judicial construction the exceptions contained in the homestead statute as to subject the homestead to the satisfaction of a judgment rendered for attorney's fees and costs.

Wherefore the judgment is reversed, with directions to proceed in conformity with this opinion.