## Pearson v. Pearson.

(Decided October 7, 1915.)

### Appeal from Graves Circuit Court.

1. Divorce—Alimony—Amount of Allowance.—Evidence examined and held that alimony granted was not excessive.
2. Divorce—Pendente Lite Allowance.—A judgment awarding alimony in a lump sum merges a previous order granting a pendente lite allowance.
3. Divorce—Dower When Decree a Mensa et Thoro—Sale of Husband's property in Satisfaction of Judgment.—Where a sale of the husband's real estate is ordered in satisfaction of a decree for alimony the sale should be made free of dower, and in this case the award being such that it is evident the chancellor intended that the wife should not retain dower rights, she should be required to release same, or the judgment be reduced accordingly.
4. Judicial Sales—Necessity That All Lien Holders Be Parties.—It is error to order a sale of real estate without bringing all lien holders before the court.
5. Homestead—Plea Unavailable Against Judgment for Alimony.—A plea of homestead and statutory exemptions is unavailing against a judgment for alimony.

WEBB & WEAKS for appellant.

THOMAS & WEBB for appellee.

OPINION OF THE COURT BY JUDGE HANNAH.—Reversing.

On June 21, 1913, appellee, Gussie Pearson, sued appellant, J. F. Pearson, in the Graves Circuit Court, for a divorce. She was granted, by decree rendered June 26, 1914, a divorce *a mensa et thoro* together with alimony

in the sum of $750.00, of which $350.00 was ordered to be paid as of the date of the judgment, and $400 of which was ordered to be paid in six months thereafter. A fee allowed to her attorney of $100 was ordered to be taxed as costs. To secure the judgment for alimony and the costs, a lien was decreed upon certain personal property and upon the real estate owned by appellant, which had been levied upon under an attachment sued out by the plaintiff at the commencement of the action; and a sale thereof was ordered to be made by the Master Commissioner of the court in the event of defendant's failure to pay any of the sums so adjudged.

The judgment further recites that as it appears that certain named persons are claiming liens on the defendant's real estate, process is directed to issue against such persons, requiring them to appear and answer at the next term of the court and to set up such claims as they may have against the real estate mentioned. On June 29, 1914, defendant superseded this judgment, and from it he prosecutes an appeal.

Appellant devotes a large part of his brief to the argument that the judgment of divorce was unwarranted by the evidence; but we deem it unnecessary to discuss the evidence in detail further than to say that the testimony of plaintiff herself, to some extent corroborated by the young son of the parties, is amply sufficient to justify the action of the chancellor.

1. It is contended that the chancellor granted excessive alimony. The parties have two children, one a son, thirteen years of age, the other a daughter, seven years of age; the custody of both of these was awarded to the mother. Appellant is the owner of a house and lot at Water Valley and of a farm, the two places being worth about $2,500, against which there are purchase money liens amounting to about $800. He also has some personal property, worth possibly a couple of hundred dollars. He is a teacher by profession, being principal of the schools at Water Valley. This property was accumulated during the marriage relation. Appellee has no property of her own, and she is not a strong woman physically. Under these circumstances, we are unable to say that the allowance is excessive.

2. In this connection, we may say that attending the submission of the case upon its merits in this court, there is its further submission upon a motion for an order re-

quiring appellant to pay to appellee a certain *pendente lite* allowance alleged to have been granted by the chancellor.

It appears from the record that on April 2, 1914, an order was entered allowing plaintiff the sum of $25 per month "pending the action; the first installment being now due, and the defendant is ordered to pay same to plaintiff or her attorneys, and he will also pay a similar amount to the plaintiff or her attorneys on May first and June first, 1914."

We find no further order on this subject; and the one quoted, as we construe it, does not continue past the date therein specified June first, 1914, to which time, it is conceded, the allowance was paid by appellant. Moreover, the judgment awarded a lump sum as alimony, and it will be presumed that this was intended to and did merge all previous *pendente lite* allowances. The motion is therefore overruled.

3. It is further contended by appellant that as the divorce decree was only *a mensa et thoro* and the judgment is silent as to appellee's dower rights in the real estate ordered to be sold, the property would not bring its fair and reasonable value because of the uncertainty of prospective bidders in respect of dower rights.

The alimony adjudged was fixed at such a sum that we have no doubt that it was the intention that appellee should not have dower in the real estate sold thereunder; and upon remand of the case, the chancellor should require her to consent to a release of her dower rights in whatever part of the real estate may be sold under the judgment, or reduce the alimony accordingly.

We do not mean to be understood as holding that a judicial sale under the decree in this action, the wife being herself the plaintiff, would not carry with it her dower rights; but for the sake of relieving any uncertainty in the minds of purchasers in connection therewith, the sale should be made specifically free from dower.

4. It is further contended that the other lien-holders should be brought before the court and their rights determined before a sale should be ordered, and this is correct. Civil Code, Section 694.

5. Of the plea that appellant is entitled to homestead and statutory exemptions as against this judgment, it is sufficient to say that the plea is unavailing in proceedings

of this character. Nunn v. Page, 134 Ky., 698, 121 S. W., 442, 135 A. S. R., 429.

The judgment is reversed for such other and further proceedings as may be consistent herewith.