## Napier v. Napier.

(Decided March 13, 1923.)

### Appeal from Harlan Circuit Court.

1. Arrest—Attachment and Imprisonment for Enforcement of Decree Still Exist.—Though the remedies for the enforcement of decrees of courts of chancery have been enlarged so that the original remedy for enforcement by attachment and imprisonment is not so much used, it still exists under Kentucky Statutes, section 1663, subdivision 2.

2. Husband and Wife—Discharge of Insolvent Debtor from Imprisonment Prevents Subsequent Imprisonment Under Decree.—Under Constitution, section 18, providing that the person of a debtor shall not be continued in prison, where there is not strong presumption of fraud after delivering up his estate for the benefit of his creditors, and Kentucky Statutes, c. 70, providing for releasing from imprisonment for debt, section 2184 of which makes the provisions of the chapter applicable to a person imprisoned by order of a court of chancery to compel the payment of money under a judgment of such court, and section 2180, subdivision 4, provides for the discharge of the petitioner upon complying with the provisions of the chapter, unless it appears he acted fraudulently, a husband who had been imprisoned for nonpayment of the amounts allowed his wife for separate maintenance, and had procured his discharge in accordance with that chapter, cannot thereafter be imprisoned for nonpayment of such sums.

3. **Husband and Wife—Decree for Separate Maintenance is Judgment for Debt.**—An order requiring a husband to pay stated sums of money for the separate maintenance of his wife is a judgment for debt, within the provisions for discharge from imprisonment under judgments for debt, and not a judicial assertion of the legal duty of the husband to provide for his family.

W. A. BROCK for appellant.

D. C. JONES for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In a suit in the Harlan circuit court a judgment was entered against Charlie Napier directing him to pay certain sums to his wife, Louanna Napier, for maintenance for herself and children, no divorce being granted.

The record is silent as to the amount of these sums and the dates on which they were to be paid. However, it appears that he fell behind in the payment and that a rule was issued against him to show why. His response was held insufficient and the rule made absolute.

On the last day of the term he was arrested and sent to jail. Subsequently he gave notice and filed in the county court the affidavit and schedule as provided in chapter 70, Kentucky Statutes, and in a regular proceeding in that court was discharged as an insolvent debtor.

At the ensuing term of the circuit court he was rearrested under a warrant from the circuit court based on the former rule. Thereupon he filed an affidavit stating the facts above set out and also the record of the county court and moved the court to dismiss the warrant upon which he was held. The court overruled this motion and he was remanded to jail. From this order he appeals.

Originally courts of chancery enforced their mandates by attachment only, but as their jurisdiction increased the remedies for the enforcement of their decrees were enlarged and for many years writs of *fieri facias* have issued on chancery judgments as well as those at common law, and lately the process of attachment and imprisonment is not so much used, though it still exists. Section 1663, Kentucky Statutes, subsection 2; Sebastian v. Rose, 135 Ky. 202; Rebhan v. Feuhrman,

21 Rep. 17; Ballard v. Caperton, 2 Metc. 412; Tyler v. Tyler, 99 Ky. 31; Rudd v. Rudd, 184 Ky. 408.

While our Constitution does not inhibit imprisonment for debt it does specifically provide: "The person of a debtor, where there is not strong presumption of fraud, shall not be continued in prison after delivering up his estate for the benefit of his creditors in such manner as shall be prescribed by law." (Const., sec. 18.)

Chapter 70, Kentucky Statutes, provides for a release from such imprisonment. Section 2184 reads: "The provisions of this chapter shall apply to a person imprisoned by order of a court of chancery to compel the payment of money under a judgment of such court."

Subsection 4 of section 2180 provides for the discharge of the petitioner upon complying with the provisions of that chapter unless it be made to appear that he acted fraudulently.

It is not claimed that the appellant so acted, or that he failed in any way to comply with the provision of chapter 70, Kentucky Statutes. While a rule may issue on chancery judgments, it is principally used in cases where a court has jurisdiction over a fund, or the fund is the subject of a suit and is in the possession of the party subject to control of the court. 10 R. C. L. 655-656; but in all such cases "the provisions of sections 2180-2185 inclusive are available to such a contemnor." Rudd v. Rudd, 184 Ky. 410.

It is intimated, however, that the judgment is not for debt but that it is the judicial assertion of a legal and moral duty, viz.: making provisions for the maintenance of his children. While based upon that duty it is in reality a judgment measured in dollars and cents and one upon which a writ of *fieri facias* may issue and in that sense a debt due and owing appellee by appellant. The chancery court does not exercise criminal jurisdiction, and the proceeding is clearly an effort to enforce a judgment by attachment.

Wherefore judgment is reversed and cause remanded for proceedings consistent with this opinion.