## Hembree v. Hembree.

(Decided April 24, 1925.)

### Appeal from Bell Circuit Court.

1. Divorce—Chancery Decrees Enforceable by Attachment and Imprisonment.—Under Ky. Stats., section 1663, chancery decrees may still be enforced by attachment and imprisonment.

2. Divorce—Question on Appeal from Refusal to Vacate Commitment for Contempt, After Sustaining Demurrer to Answer to Show Cause, Stated.—Where demurrer was sustained to husband's answer to rule to show cause for failure to make payments to wife and her attorney in divorce action, as ordered by court, and he declined to plead further, only question for decision, on appeal from order overruling motion to vacate order committing him to jail for contempt, is whether allegations of answer, taken as true, are sufficient to purge him of contempt.

3. Divorce—Facts Considered on Award of Support Stated—Father's Lack of Money or Property no Excuse for Refusal to Pay on Award for Support of Child.—Court may base award for support of child on father's ability to labor and earn money, though he owns no property, and fact that he has no money or property at

time of or since commitment.to jail for contempt does not excuse persistent refusal to pay on award before commitment, in absence of showing that his inability was not caused by his own neglect or misconduct.

CLEON K. CALVERT for appellant.

JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In this action for divorce, appellant was ordered to pay his wife, the appellee, for the support of their infant child, the sum of $25.00 a month until further orders of the court, and to pay to his wife's attorney the sum of $50.00 for his services in the action.

Having failed, for more than two months, to make any payment either to his wife or her attorney, a rule was issued against appellant, and upon his failure to file response or show cause why he had not done so, it was ordered "That the jailer keep him in his custody until said order has been complied with. And said jailer took charge of him."

Thereafter, and on January 9, 1925, he filed a written motion to vacate the order committing him to jail for contempt, his affidavit in support thereof, and a verified answer to the rule, to which he had not previously responded. A demurrer was sustained to this answer and, having declined to plead further, his motion to vacate was overruled, and it is from that order that he is now appealing.

The ancient remedy for enforcement of chancery decrees by attachment and imprisonment still exists in this state. Kentucky Statutes, 1663; Rudd v. Rudd, 184 Ky. 400, 214 S. W. 791. Hence the order committing appellant to jail for failure to comply with the court's decree is not void, and the only question for decision is whether the allegations of the answer, taken as true, are sufficient to purge appellant of contempt in failing to comply with the decree.

The substance of the answer is, that at the time of his commitment to jail

"He had no funds and no property wherewith to comply with the aforesaid order of the court herein; and that he has not since received any funds or property wherewith he could comply therewith; and that

he now has no money or property save a few cooking utensils, worth less than the sum of seven dollars and fifty cents ($7.50), . . . and he says that he is totally unable, by reason of his lack of money and property, to comply with said order or to pay to the plaintiff the sum which the court ordered him to pay.''

It is well settled that in awarding money for the maintenance of his children, the court may take into consideration the father's ability to labor and earn money and make an award based thereon, even though the father owns no property. Sebastain v. Rose, 135 Ky. 197, 122 S. W. 120.

The mere fact then that a father has no money or property at a particular time is no excuse for his persistent refusal or failure to support his children, and even if appellant had no money or property upon the day of his commitment and since, that fact is no excuse for his continuous failure for more than two months theretofore to make any payment whatever on the award for the support of his child. To have purged himself of contempt for his failure to comply with the court's orders, he must have made it clearly appear not only that he was unable to comply therewith, but also that his inability was not caused by his own neglect or misconduct. Reed v. Reed, 24 Ky. L. R. 2438, 74 S. W. 207; Rudd v. Rudd, *supra*; Croft v. Croft, 77 Wash. 620, 13 C. J. 19.

As the answer simply stated appellant's inability to comply with the order at the time of his commitment to jail for contempt and since, it was clearly insufficient, and the court did not err in sustaining a demurrer thereto.

The fact that appellant may effect his release, under the Insolvent Debtors Act (sections 2180-2185, Kentucky Statutes), by complying with its provisions, as was expressly held in Napier v. Napier, 198 Ky. 233, 248 S. W. 529, is in no way involved in this case, and cannot affect its decision.

An independent action before another tribunal is prescribed by that act to secure release from custody thereunder, and even if, as stated in a petition for rehearing and not otherwise manifested by the record, appellant has wrongfully been deprived of such right by another court in a different action, that fact is not available to him here.

Judgment affirmed.