# Roper v. Roper.

(Decided March 8, 1932.)

R. W. KEENON for appellant.

O. M. SMITH for appellee.

Opinion of the Court by Stanley, Commissioner—Reversing.

The Warren circuit court in 1926 granted a divorce to Margaret Roper, appellant, from O. P. Roper, appellee, and awarded her the custody of their infant daughter, but gave the father the right to see the child and have her visit him at reasonable times and under reasonable conditions. It was adjudged that he should pay the mother $20 a month for the support of the child until further orders of the court.

In 1930 Mrs. Roper asked for a rule against the father to show cause why he should not be punished for contempt for failing to pay any of that judgment save $100. In his response, the defendant admitted his default as respected the monthly payments, but stated that he had properly and sufficiently provided for his child by keeping up a $5,000 life insurance policy in her favor of an approximate cost of $200 a year, and that, in addition, his father and mother had regularly provided money and clothing for the child in the aggregate sum of more than $300 a year. He further alleged that the original judgment with respect to the allowance was made pursuant to an agreement with his wife that the judgment should provide that he should have the custody of the child during vacation periods, but that the plaintiff had refused to permit him to have her. He denied he was in contempt of court or that he was in any way more derelict in his compliance with the judgment than was the plaintiff. The court held the response insufficient, but stated in his judgment that the defendant was unable to pay the sum in arrears. That conclusion was doubtless reached upon information not disclosed by the record before us. The plaintiff then asked for an order of arrest, and moved that the defendant be confined in jail until he should comply with the judgment. That motion was overruled, and, from the refusal of the court to imprison the defendant on that account, this appeal is prosecuted.

The power of a court of equity to lay hold of the conscience of a defendant and compel him to do what is right has always been exercised by the English chancellors, and the power of the court in this state to proceed to carry into effect a judgment "according to the ancient practice of courts of chancery" is recognized by the statutes. Ky. Stats., sec. 1663; Rebhan v. Fuhr-

man, 139 Ky. 418, 50 S. W. 976, 21 Ky. Law Rep. 17; Rudd v. Rudd, 184 Ky. 400, 214 S. W. 791. Divorce proceedings are within the exclusive cognizance of the courts of equity, and their judgments in respect thereto may be enforced by appropriate writs. They may enforce obedience to their orders and decrees by summary mode, attachment, and imprisonment for contumacy. Sebastian v. Rose, 135 Ky. 197, 122 S. W. 120. Disobedience of those orders are constructive or consequential contempts, often called civil contempts, as distinguished from criminal contempts or those acts which offend the dignity of a court or tend to bring it into disrespect or obstruct the administration of justice. City of Newport v. Newport Light Co., 92 Ky. 445, 17 S. W. 435, 13 Ky. Law Rep. 532; Adams v. Gardner, Judge, 176 Ky. 252, 195 S. W. 412. In proceedings of this class, section 950-1 of the Statutes does not apply. Id. The cases coming before this court generally have involved appeals from orders committing a recusant to jail for contempt. Of such are the alimony and maintenance cases of Hembree v. Hembree, 208 Ky. 658, 271 S. W. 1100, 1101, and Napier v. Napier, 198 Ky. 233, 248 S. W. 529. But the refusal of a chancellor to exercise that power vested in him at the instance of the party for whose benefit or advantage the decree has been rendered is reviewable by this court. Brown v. Brown, 96 Ky. 505, 29 S. W. 318, 16 Ky. Law Rep. 610; Sebastian v. Rose, supra.

Punishment of the husband or father for contempt on this account is a remedial process, often the only effective one to secure a wife and child the maintenance that has been awarded them, and is necessary to the administration of justice. It is not an imprisonment for debt, strictly speaking. 19 C. J. 301. Failure to comply with a decree is prima facie evidence of contempt; hence the burden is on the divorced husband to show his inability, and that is a question of fact to be determined by all the evidence. It is the general rule that, where a husband has defaulted in the payments ordered by the court to be made because he is unable to do so, he will not be adjudged in contempt for disobedience unless he is in fault or had voluntarily created his disability. However, where an alleged contemnor has brought about the condition or he is able, actually or potentially, to obey, the order or decree, he cannot avail himself of a plea of inability as a defense to a charge of contempt. Always

as to a child and often as to a former wife, there is a heavy moral obligation, and little sympathy can be had for a derelict husband or father under such circumstances.

In Hembree v. Hembree, supra, a delinquent father responded to a rule that he had no funds or property, nor had he ever had any, with which to make monthly payments for the support of his child as adjudged, and by reason thereof could not obey the decree. It was said by this court: "The mere fact, then, that a father has no money or property at a particular time is no excuse for his persistent refusal or failure to support his children, and, even if appellant had no money or property upon the day of his commitment and since, that fact is no excuse for his continuous failure for more than two months theretofore to make any payment whatever on the award for the support of his child. To have purged himself of contempt for his failure to comply with the court's orders, he must have made it clearly appear, not only that he was unable to comply therewith, but also that his inability was not caused by his own neglect or misconduct. Reed v. Reed, 24 Ky. Law Rep. 2438, 74 S. W. 207; Rudd v. Rudd, 184 Ky. 400, 214 S. W. 791; Croft v. Croft, 77 Wash. 620, 138 P. 6; 13 C. J. 19."

The enforcement of the court's orders in respect to payments of this kind is a matter that rests in the sound discretion of the chancellor, just as it is held that it is in his discretion either to relieve altogether or in part or compel payment of an accumulation of unpaid allowances. Franck v. Franck, 107 Ky. 362, 54 S. W. 195, 21 Ky. Law Rep. 1093; Gerrein's Adm'r v. Michie, 122 Ky. 250, 91 S. W. 252, 28 Ky. Law Rep. 1193; Gerrein's Adm'r v. Berry, Judge, 99 S. W. 944, 30 Ky. Law Rep. 978; Montgomery v. Offutt, 136 Ky. 157, 123 S. W. 676. Numerous instances and different circumstances under which punishment or relief of husbands in default have been inflicted or granted may be found in the annotations in 9 A. L. R. 265; 22 A. L. R. 1260; 31 A. L. R. 650; 40 A. L. R. 547; and 76 A. L. R. 392.

Reviewing the action of the chancellor in the case at bar, it seems to us that he rightly adjudged the response of the appellee insufficient to relieve him of the duty to obey the decree. He should have been given an opportunity to amend his response, and, failing then to establish any right to relief from the judgment, he should

have stood committed until he purged himself of the contempt. The appellant was entitled under the law to more affirmative action by the trial court.

Wherefore the judgment is reversed, and case remanded for consistent proceedings.