## SWEIGART v SWEIGART et

Ohio Appeals, 2nd Dist, Miami Co

No 391. Decided August 27, 1940

William Harry Gilbert, Troy, for appellee.

W. Leo Bausman, Troy, for appellant.

### OPINION

BY THE COURT:

The facts appear from the record, there being no bill of exceptions.

The petition in the Court below recites that Dorothy Sweigart, on the 11th day of February, 1936, was granted a divorce from Walter Sweigart, custody of three minor children, the oldest of whom is now twelve years; by the same order she was awarded the sum of $7.50 per week from and after the 15th day of February, 1936, against Walter Sweigart, for the support and education of said minor children; that the defendant, Walter Sweigart, made partial payments on said award for alimony for support and education of said minor children, leaving a balance due on the 14th day of February, 1938, of $284.50. On the 18th day of October, 1937, plaintiff caused execution to be issued on said judgment for the support and education of said minors, to the Sheriff of Miami County, for the balance due; that the Sheriff levied execution on certain farm products and some farm implements: that the defendant, Walter Sweigart, after said levy had been made —made demand for exemption in lieu of homestead, of the corn and stock levied upon, and the undivided wheat and certain other agricultural products and implements; that the said demand for exemptions stated that the defendant had selected said property as his exemption and claimed that he was entitled to hold the same exemption from sale upon execution on the ground

that he was the chief support of the family, and was then living with a wife and was paying for the support of his minor children. He also claimed, in addition to the $500.00 in lieu of homestead. as a farmer, tools and implements; that said Sheriff acquiesced in said demands in lieu of homestead and as an agriculturalist, and defendant, Walter Sweigart was permitted to hold possession and control of all the property thus seized by execution, as exempt.

Plaintiff further states that on the 3rd day of July, 1939, she caused an alias execution to issue on said judgment for the balance remaining due— $284.50, which execution was levied on the undivided half of fifty acres of growing corn and some growing oats, which produce the Sheriff was then holding; that the defendant, Walter Sweigart, on the 17th day of July, 1939, made written demand upon the Sheriff for exemptions on the ground that he is a farmer, the support of a family and living with a wife and paying for the support of minor children; in this demand the defendant claimed exemption of the necessary tools and implements; he claims that he is not the owner of a homestead and in addition to his exemption of $500.00, in lieu of homestead, he demands the grain and corn levied upon, which he is entitled to hold under §11738. It is also asserted that the action in Common Pleas Court was certified to Juvenile Court, insofar as the cause related to the custody of minor children; the said sum of $284.50, for which the alias execution was issued, was the balance accruing to plaintiff under the judgment up to the time of certification, no part of which has been paid; there remains due $284.50; that after the cause had been certified to the Juvenile Court, that Court ordered that the custody of the minor children remain in the plaintiff, and that at the time of the hearing the defendant, Walter Sweigart, pay into Court $6.00 per week, to continue until the further order of the Court; that said order remains in full force and that there is due thereon $100.00. Plaintiff states she has sup-

ported the children since they were awarded to her; that after the divorce from the defendant, and after said judgment for the balance due had been rendered, the defendant, Walter Sweigart, married the defendant, Albertine Sweigart, his third wife; that the defendant, Walter Sweigart, under the terms of his lease, received one half of all crops and all animals raised and fattened and certain pasturage; that the proceeds from said farm furnishes sufficient means for the defendant to support his family and to pay said judgment and to support his third wife.

It is asserted that in the event the proceeds of the farm is not sufficient for the support of all, that the rights of Albertine, the third wife, are inferior to the rights of said minor children and the plaintiff, to be first supported by the payment on said judgments and orders of the Court for their maintenance, etc.

After reciting these facts, the plaintiff asks for a declaratory judgment on certain questions, and for advice and instructions to the sheriff relative to the claims of Walter Sweigart for exemption, upon the following points: (1) What right, if any, has defendant, Walter Sweigart, to claim the property levied upon under said alias execution as exemptions, after having selected, demanded and held his said exemptions under previous execution issued on the same judgment? (2) What right, if any, has defendant, Walter Sweigart, to select, demand and hold the property levied on under said alias execution as against said judgment for support, care and education of said minors when the defendant, Walter Sweigart, is in default on said judgment for the amount for which said alias execution was issued? (3) Are the rights of the defendant, Walter Sweigart, and Albertine Sweigart, his third wife, prior to or inferior to and subject to the rights of said minor children to have said Common Pleas Court judgment for their support, maintenance and education first paid from the property levied upon under said alias execution, before said third wife and defendant, Walter Sweigart, re-

ceive support from said property so levied upon? (4) What is the duty of the sheriff and his said deputy relative to the setting off of said property levied upon as exempt upon said demand of Walter Sweigart, or proceeding to sale of said chattel property under said alias execution, notwithstanding the demands for exemptions made by said Walter Sweigart, defendant, to hold said growing corn and oats crop exempt from sale under said alias execution?

Plaintiff prays the Court for a declaratory judgment on the four propositions and for instructions to the sheriff in relation to their duties in respect to the demand of Walter Sweigart for exemption and relative to the duties of the sheriff to sell said chattels, and that the sheriff be ordered to sell the same.

The substance of all this is that the former wife of Sweigart obtained, at the time of her divorce, an order of the Court that he pay certain accrued payments, of which part were paid and a balance of $284.50 remains unpaid; that after the execution was issued the case was certified to the Juvenile Court, and under the Juvenile Court's order there is still due $100.00; that after the divorce Sweigart married his present wife and they are living together without owning a homestead; that after the re-marriage a levy was issued and Sweigart claims all the property levied upon as exempt, and the sheriff set the same aside. Sometime after an alias execution was issued and a levy made upon a subsequent growing crop, which Sweigart now claims to be exempt, not only because he is a farmer but because he is a married man and head of a family, and not the owner of a homestead.

These matters all come before us under the sections of the statute relating to execution and exemptions. The provisions as to executions will be found in §§11653, et seq., and those relating to exemptions will be found in §§11725 to 11739, the most important of which are §§11725, 11728, 11729, 11730, 11737 and 11738.

The first matter to be determined is whether a judgment for alimony and support of minor children is a judgment upon which execution may be levied, as was done in this case.

In the case of **Coffman, Admr. v Finney, 65 Oh St 61**, it is held:

"Where a decree of divorce has been pronounced in favor of a wife for the aggressions of the husband, the right to alimony out of his real and personal property becomes vested by force of the statute, and a judgment for the same is thenceforth a debt against the husband, + * *".

In case of **Conrad v Everich et, 50 Oh St 476**, it is held:

"In an action by the wife for divorce and alimony, a decree for alimony in money payable in gross will operate as a lien upon the lands of the husband * * * and may be enforced by levy of execution * * *"

See also **Moore v Rittenhouse, 15 Oh St 310.**

We, therefore, may safely proceed on the assumption that ▇▇▇▇▇ ▇ where alimony has been allowed the claim may be enforced by levy and execution as in any other judgment.

Our next task is to determine whether or not such executions are subject to the general laws controlling executions and exemptions therefrom.

We will not go into detail upon the statutes which we have heretofore cited. **Section 11725** provides that every person who is the chief support of a family, or who is a person paying alimony, maintenance or other allowance for the support of a divorced or separated spouse, or for the support of a minor child or children, or is the chief support of any dependent person, may hold the property exempt from execution, as enumerated in separate schedule. None of the designated property contained in the first four schedules has been levied upon in this action.

Schedule 5 enumerates as exempt the tools and implements of a debtor nec-

essary to carry on his trade including agriculture, to be selected by him, not exceeding $200.00.

There are certain articles seized which fall within this schedule; it being admitted that the defendant is a farmer.

No other articles enumerated in subdivision 6 or 7 seem to have been seized in execution.

Section 11721, relating to exemptions by unmarried persons has a more restricted schedule of exemptions, but includes tools and implements for farming.

Section 11728 provides that the exemption applies to all courts, so that a person shall be entitled to all such exemptions in all such proceedings before any court or officer.

Section 11730 provides that husband and wife living together may hold exempt a family homestead not exceeding $1,000.00.

Section 11738 provides that husband and wife living together, etc., not the owner of a homestead, in lieu thereof may hold exempt from levy and sale real and personal property to be selected before sale, not exceeding $500.00 value, in addition to chattel property, otherwise by law exempted. Such selection and exemption shall not be made by the debtor or his attorney, or allowed to him from money, salary or wages due to him from any person, etc.

All provisions for exemptions are statutory, and all matters exempt are specifically set out.

We recognize the fact that exemptions are granted for the welfare of the family, but when the exemption laws were passed the welfare of the family was considered to be the protection of the debtor from insistent creditors. The legislature did not anticipate the fact that the creditor may be a deserted wife rearing the debtor's children.

The question still remains whether he falls within the protection of the statutes of exemption.

One of the questions for declaratory judgment was whether or not a debtor who had been once granted an exemption could secure the same on a subsequent levy made for the same or another debt. It does seem at first glance that it is unfair to let the debtor retain a working capital to the extent of at least $500.00, and deny a succession of creditors any right to resort to this reserve granted to him by legislature.

However, this question is not open for discussion.

The case of **Hart v Cole, 73 Oh St 267,** holds that every judgment debtor entitled to the exemption, may **at all times,** keep in possession and hold exempt property to be selected not exceeding $500.00, in addition to the amount otherwise exempted, and that a debtor who has once claimed exemption and has had the same set off may thereafter, notwithstanding such former allowance, again claim exemption against the same judgment out of the same or other property, subject to the limitation that such debtor may not hold exempt property in excess of five hundred dollars.

Other interesting cases which we will not detail are:

**State ex rel v Shook, 97 Oh St 164;**
**Morris Plan Bank v Viona, 122 Oh St 28;**
**Dennis v Smith, 125 Oh St 120.**

In spite of the very persuasive reasons given by the Court of Common Pleas as to why the money derived from the alias execution should go to the former wife for the support of the children, by virtue of a prior judgment, we are unable to put that benevolent and highly just interpretation upon the statutes as written.

We, of course, have no right to construe the law other than as we understand it to be, but we still have a right to indulge the hope that this defendant may be compelled to pay for the support of his children, (and we do not waste any sympathy upon the third wife who now occupies the former position of the mother of the children.)

Judgment reversed so far as it held that the money derived from the sale of the property seized on the alias execution was exempt and should be first applied to the alimony judgment—otherwise affirmed.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.

BARNES, J., concurs.

I feel that some comments should be made relative to the argument of counsel for appellee and his cited authorities in support of no exemption.

Volume 25 of Corpus Juris, page 97, is referred to, wherein the following appears:

"According to the weight of authority a debtor is not entitled to claim an exemption against a judgment recovered by his wife for maintenance or alimony."

Note 36 thereunder cites the following cases to support the text:

Bates v Bates, 74 Ga. 105.
Menzie v Anderson, 65 Ind. 239.
Pearson v Pearson, 166 Ky. 91, (178 S.W. 1164).
Spengler v Kaufman, 43 Mo. Ap. 5.
Zwingmann v Zwingmann, 150 App. Div. 358, (134 N.Y.S. 1077).
Monck v Monck, 184 App. Div. 656, (172 N.Y.S. 401).
Valentine v Williams, 159 N.Y.S. 815, affirmed 177 App. Div. 931 (161 N.Y.S. 1148).

An examination of the above cases will disclose that the text may not be given as extended an application· as its language might indicate. In most, if not all of the cases, the language of the exemption statute in· the several states had a direct effect on the legal pronouncement. This becomes very important in view of the fact that the Ohio Homestead Exemption Statute is very broad.

In substance, §11738 GC provides that husband and wife living together, etc., and not the owner of a homestead, in lieu thereof may hold exempt from levy and sale, etc.

In Bates v Bates (Ga.) supra, the exemption was claimed because the amount due from the garnishee was due the husband for his daily, weekly and monthly wages as a school teacher. The court held that such wages were not exempt from garnishment. In the opinion the court makes the further observation that the claim of the divorced wife for alimony occupies a different position from an ordinary debt. The Georgia statute is not set out in the opinion, but I think it is inferable from the language used by the court that it provided exemptions on judgments for debt.

In Menzie v Anderson and others, (Ind.) supra, the court denied the claimed exemption for the reason that the judgment for alimony is not a "debt growing out of or founded upon a contract express or implied" as provided by the statute.

In Pearson v Pearson, (Ky.) supra, in the statement of the case it appears that the court in entering judgment for alimony, also in order to secure its payment, decreed a lien upon certain personal property and real estate. On the question of claimed homestead the court very briefly stated that the plea is unavailing in proceedings of this character, citing Nunn v Page, 134 Ky. 698, (121 S.W. 424).

The cited case of Nunn v Page deals entirely with judgments for costs in a divorce and alimony action, and the court held that the homestead was exempt. In this last case reference is made to the language of the homestead statute, which, in effect, reads that the homestead of the husband was exempt under §702 against any debt except mortgages, purchase money liens, etc.

In the case of Spengler v Kaufman (Mo.) supra, it appears that the husband and wife were not divorced, but were living separate and apart. The husband questioned the right to garnishee wages on the ground that such wages were paid in advance. The court held that as between husband and wife this method would not avail the hus-

band, although the rule might not apply as to process in favor of a stranger.

In the three New York cases, supra, the relation of husband and wife still existed, although living separately and apart. The wife had obtained judgment for alimony. Through process she sought to subject pension claims of the husband to the payment of her judgment. The claim was made by the husband that his pension was specially exempted. The court held that such exemptions were for the benefit of the family and denied the husband's claim.

An independent research discloses the question of exemptions discussed in Volume 50 L. R. A. N. S., page 697. The case of Winter v Winter (Neb.) 145 Northwestern 709, is set out in full under which appears in the note reference to decisions of other states. This case of Winter v Winter is the strongest pronouncement in favor of appellee that I have been able to find. The syllabus reads as follows:

"Where a decree of divorce and for payment of alimony is granted the wife, the derelict husband cannot defeat the collection of alimony by remarrying and claiming the benefit of the exemption law."

The opinion of the court was delivered by Hamer, J. The Jurist refers to many cases previously decided by the courts of Nebraska and also by courts in other jurisdictions. I am unable to conclude that the cases cited are supporting. On page 703 at the top of the second column reference is made to the Nebraska statute which in substance provides that a suit: "for a divorce shall be conducted in the same manner as other suits in courts of equity." Also, that: "courts shall have the power to * * * enforce its decrees as in other cases." On page 703 the court made this further comment: "The right of exemption is based purely upon a law remedy."

I think it is inferable that the court predicated its conclusion largely upon the equitable nature of the action.

In Ohio an action for divorce and alimony is one at law and not in equity.

In the case of Schooley v Schooley, et al., (Iowa) 169 N. W., page 56, it appears that the husband, from whom the wife had procured a divorce and judgment for alimony, had remarried. The divorced wife sought to subject by garnishment wages due the divorced husband to the payment of her alimony judgment. The court held that under the exemption statute the divorced husband could hold his wages free from garnishment. The Iowa court so held, notwithstanding the language of the exemption statute which reads as follows:

"The earnings of a debtor who is a resident of a state and the head of a family for his personal services or those of his family at any time within ninety days next preceding the levy are exempt from liability for debt."

It will be observed that the words, "exempt from liability for debt," differs from the Ohio Homestead Statute. The pronouncement in the Schooley case was by divided court, four to three. A dissenting opinion was written by Salinger, Judge, concurred in by two associates. The major question urged in the dissenting opinion was that an alimony judgment was not a debt. This issue was necessarily presented by reason of the language of the Iowa Exemption Statute. With this question eliminated, I have no reason to conclude that there would have been a dissent. I have examined many other cases referred to in the decision above or in the notes to 25 Corpus Juris, page 97, and 50 L.R.A. N.S., page 697, but no particular help can be obtained by making special reference to them.

Suffice it to say that all the cases may be distinguished from the instant case either on the factual questions or a difference in the language of the statute under which exemptions are claimed.

It is my conclusion that under the very broad language of the Ohio statute granting homestead rights, or property in lieu thereof, that to hold under the facts in the instant case that the husband was not entitled to the property

levied upon in lieu of a homestead would constitute judicial legislation. Neither can I find that the pronouncements of our Supreme Court that alimony judgments are not barred by discharge in bankruptcy, and, further, that such judgments do not become dormant are at all helpful or determinative of the issue in the instant case. Nothing further need be said except to make reference to the reasoning of the Supreme Court in the cases cited.