## Stinson v. Stinson.

October 11, 1949.

140

L. B. Alexander for appellant.

Lovett & Lovett for appellee.

JUDGE HELM—Affirming.

In 1946 appellee, Mildred Stinson, now Mildred Kingcade, filed suit against appellant, Gayle Stinson, for divorce and alimony. On July 2, 1948, the trial court rendered final judgment granting her a divorce, restoring her to her maiden name, Mildred Kingcade, and awarding her alimony in the sum of $3600, and $150, payments due under an order for maintenance pendente lite, and adjudging her her costs in this action, including an attorney's fee of $500. Judgment provided that alimony might be paid in a lump sum or at the rate of $50 per month, beginning July 1, 1947, and that the attorney's fee of $500 might be paid in a lump sum, or at the rate of $25 per month. Each party prayed an appeal to the Court of Appeals which was granted. No appeal has been prosecuted from that judgment.

On January 12, 1948, the judgment not having been satisfied, appellee caused an execution to be issued. The sheriff served the execution by levying on the office equipment of Dr. Stinson in Paducah. According to the briefs (the record is not here), it was found that this equipment was mortgaged to the father of the appellant. On April 10, 1948, appellee caused another execution to be issued to the sheriff of Marshall County, who made a return of "No property found to satisfy the within execution."

On April 30, 1948, on motion of appellee, upon proper notice, the above case was redocketed in the Marshall Circuit Court, and on the same day, having given notice, she filed motion to require appellant to "show cause why he should not be punished for contempt for his failure to pay the $150 arrearages for maintenance adjudged to be paid on July 1, 1947, and for his failure to pay $50 per month adjudged to the plaintiff for the months of November and December, 1947, and for the months of January, February, March and April, 1948, and for his failure to pay the cost of this action amounting to $50.20, and for his failure to pay his installments

of $25 per month on attorney's fee for the months of November and December, 1947, and the months of January, February, March, and April, 1948," and on that day the court ordered that a subpoena duces tecum "issue for defendant to produce in court his accounts and books and receipts and disbursements of his business since July 2nd, 1947."

On May 7, 1948, appellant filed his "objections to the issual of a rule" on the ground "that the plaintiff had no right to the dual remedy of proceeding by rule and by execution." On June 28, 1948, upon proper notice, appellee filed her amended and supplemental motion for a rule requiring appellant to show cause why he should not be punished for contempt for failure to pay the amount set out in her original motion, and also including the months of May and June, 1948, and on that date appellant, having failed to appear in person but being represented by his attorney, an order and judgment was entered setting out that the total amount of arrearages for maintenance, alimony and costs, including attorney's fee, amounted to $800.20, together with interest and cost of rule, and that "it appearing to the satisfaction of the Court from evidence heard in open court that the defendant is able to pay said judgment, it is therefore adjudged that he is in contempt of this court by his failure so to do. It is ordered and adjudged that the defendant may purge himself of this contempt by paying the sum of $824.20 into this court and to the clerk thereof for the use and benefit of the plaintiff and her attorneys and the officers of this court on or before July 12, 1948, and upon his failure to pay said amount on or before said date said rule may become absolute, and for further orders this action is continued. To all of the above and foregoing the defendant objects and excepts and prays an appeal to the Court of Appeals, which is granted."

Appellant concedes "that in many cases in this court the court has held that the payment of alimony and maintenance may be enforced by rule for contempt," but contends: (1) that the case was not properly redocketed; (2) that under KRS 426.430 "we cannot believe that this section of the Statute is meant to give the plaintiff a dual right in equity cases to collect purely a money judgment;" (3) the court did not overrule ap-

pellant's objections to the issual of a rule, and did not issue a rule to show cause why the appellant should not be punished for contempt of court; and (4) that appellant may not be imprisoned for debt.

The appellant, upon notice, was given an opportunity to appear in court and show cause why he should not be held in contempt of court for failing to pay the above amounts in accordance with the judgment of the trial court. It appears that he did not, upon the second hearing, come into court and make any defense whatever, and that it was agreed or shown in the presence of his attorney that he was able to pay, it being claimed that as a dentist he is earning some $1200 per month, and that he declined to make any payments.

Divorce proceedings in this state are exclusively within the jurisdiction of the chancery courts. We have held in numerous cases that "the ancient practice of courts of chancery is in use in this state." KRS 426.430 provides that a final judgment in equity for money may be enforced by any appropriate writ of execution or by the ancient practice of courts of chancery. The appellant is not about to be imprisoned for debt, but for contempt because of failure to obey an order of court.

The questions of what constitute contempt, the power and authority of courts of equity, the nature and form of the remedy, defenses and excuses for non-payment and noncompliance with judgments in divorce cases, are all fully discussed in Roper v. Roper, 242 Ky. 658, 47 S. W. 2d 517, 518. There we said: "The power of a court of equity to lay hold of the conscience of a defendant and compel him to do what is right has always been exercised by the English chancellors, and the power of the court in this state to proceed to carry into effect a judgment 'according to the ancient practice of courts of chancery' is recognized by the statutes. Ky. St. sec. 1663 (KRS 426.430)." See 7 Kentucky Digest, Divorce, Key 269.

The judgment of the Chancellor is affirmed.