## GIBSON v. STILES, Justice of the Peace et al.

Court of Appeals of Kentucky.
June 19, 1951.

Joseph M. Hayse, Nellie S. Hayse, Louisville, for appellant.

Lawrence G. Duncan, Lawrence S. Poston, Louisville, for Stiles.

Herman Cohen, Louisville, for Kenneth Gibson.

CULLEN, Commissioner.

Winabeth Ann Huff Gibson sought, in the Jefferson Circuit Court, a writ of prohibition against John K. Stiles, Justice of the Peace, prohibiting him from releasing from jail, as an insolvent debtor, one Kenneth Bernal Gibson, who had been committed to jail under a contempt order of the Jefferson Circuit Court, for failure to pay alimony, maintenance and support payments awarded to the plaintiff and her child in a divorce action. A demurrer to the petition was sustained, the writ was denied, and the plaintiff appealed to this Court. Pending the appeal, this Court issued a temporary restraining order against the justice of the peace. The appeal is now before us on the merits.

The plaintiff's petition alleged that on May 25, 1951, the defendant Kenneth Bernal Gibson was present in person before the Jefferson Circuit Court, and at that time willfully refused and failed to comply with previous orders of the court, "and was thereupon by order which is of record in Order Book 72, Page 143, in the Office of the Clerk of said Court," committed to the Jefferson County Jail for contempt of court for his fraudulent concealment of his earnings and property, and his willful refusal and failure to pay to plaintiff the sum of $890 arrearage on the award of alimony, maintenance and support to plaintiff and their infant child; and that the defendant justice of the peace was threatening to entertain proceedings under KRS 426.400 for the release of Gibson from jail as an insolvent debtor, which proceedings were beyond the jurisdiction of the justice of the peace.

The defendant justice of the peace demurred to the petition, and further tendered as an exhibit a copy of the order of commitment referred to in the plaintiff's petition. This order, which the court permitted to be filed, recited that Gibson "be and he is hereby adjudged in contempt of Court and ordered committed to the Jefferson County Jail and confined therein until he purges himself of said contempt by paying to the plaintiff the sum of $890."

The only question on this appeal is whether a justice of the peace has jurisdiction, under the insolvent debtor statute, to release from jail a person committed for contempt under the circumstances alleged in the plaintiff's petition.

KRS 426.400, which is part of the insolvent debtor statute, includes the following provision: "(4) The provisions of KRS 426.400 to 426.420 shall apply to a person imprisoned by order of a court of chancery to compel the payment of money under a judgment of the court."

In the past, this statute has been held applicable to a person imprisoned under a contempt order to compel the payment of alimony. See Napier v. Napier, 198 Ky. 233, 248 S.W. 529; Hembree v. Hembree, 208 Ky. 658, 271 S.W. 1100; and Smith v. Smith, 287 Ky. 287, 152 S.W.2d 944. However, the statute was held not to apply where the order of commitment did not

show affirmatively that the commitment was to compel the payment of alimony. Hall v. Hall, 246 Ky. 12, 54 S.W.2d 391.

The appellant contends that the Napier case, and the cases following it, should be overruled, and she asks the Court to reconsider the question of applicability of the insolvent debtor statute to a person imprisoned for contempt for refusal to pay alimony.

We are of the opinion that the question merits reconsideration.

■ Alimony occupies a peculiar and independent status in our system of law. No other obligation is quite like the obligation to pay alimony. It has been defined as the provision made by law for the wife's support out of her husband's estate, after their separation, in lieu of the husband's common-law obligation to support her. Metcalf v. Metcalf, 244 Ky. 536, 51 S.W.2d 675.

■ Alimony constitutes a greater obligation than an ordinary debt, because the delinquent husband is not entitled to claim his statutory exemptions against an execution for alimony. Pearson v. Pearson, 166 Ky. 91, 178 S.W. 1164. Nor does a discharge in bankruptcy release the bankrupt from liability for alimony. 17 Am.Jur., "Divorce and Separation," Section 511, page 417.

■ A decree for alimony is not a judgment for the enforcement of a contract, but is for the enforcement of a duty in the performance of which the public as well as the parties is interested. 28 Am. Jur., "Insolvency," Section 93, page 839. A decree for alimony is not a "debt" in the strict legal sense of that term, but rather a judgment calling for the performance of a duty made specific by the decree of a court of competent jurisdiction. 17 Am.Jur., "Divorce and Separation," Section 501, page 410.

In Roper v. Roper, 242 Ky. 658, 47 S.W. 2d 517, 519, concerning the question of punishment for contempt in failing to pay alimony, the Court said: "Punishment of the husband or father for contempt on this account is a remedial process, often the only effective one to secure a wife and child the maintenance that has been awarded them, and is necessary to the administration of justice. It is not an imprisonment for debt, strictly speaking. 19 C.J, 301. Failure to comply with a decree is prima facie evidence of contempt; hence the burden is on the divorced husband to show his inability, and that is a question of fact to be determined by all the evidence. It is the general rule that, where a husband has defaulted in the payments ordered by the court to be made because he is unable to do so, he will not be adjudged in contempt for disobedience unless he is in fault or had voluntarily created his disability. However, where an alleged contemnor has brought about the condition or he is able, actually or potentially, to obey the order or decree, he cannot avail himself of a plea of inability as a defense to a charge of contempt. Always as to a child and often as to a former wife, there is a heavy moral obligation, and little sympathy can be had for a derelict husband or father under such circumstances."

■ Considering the nature of alimony, it appears reasonably clear that a decree for the payment of continuing alimony is not merely a judgment for the payment of money, in the ordinary sense, but is in the nature of an order making specific a duty imposed upon the husband by law in the enforcement of which the public has an interest. Therefore, when the defaulting husband, though able to comply, has disobeyed the decree, and is found guilty of contempt by reason thereof, and is committed to jail to enforce obedience to the decree, his imprisonment is not "to compel the payment of money under a judgment of the court", within the meaning of KRS 426.400, but is rather to coerce the performance of the duty to support his wife that the laws of our society have imposed upon the husband.

It is our opinion that the insolvent debtor law is not available to a person committed to jail for a contempt of court consisting of a willful refusal to pay alimony. To the extent that they conflict with this opinion, the Napier case and the cases following it, are overruled.

■ The petition for a writ of prohibition stated facts warranting the issuance of a writ, and in the absence of further pleadings the writ should be issued. The question of release of the husband from jail then will remain under the control of the circuit court by which he was committed.

The judgment is reversed, and the case is remanded for consistent proceedings. The temporary restraining order issued by this Court will continue in force until the circuit court resumes jurisdiction following the issuance and filing of the mandate.