## BRINEGAR v. BRINEGAR.

Court of Appeals of Kentucky.

May 7, 1954.

John W. Walker, Irvine, Redwine & Redwine, Winchester, for appellant.

H. M. Shumate, Irvine, for appellee.

PER CURIAM.

This is an appeal from a judgment of the Estill Circuit Court whereby appellant, Marvin Brinegar, who was defendant in the Circuit Court, because of his failure to pay the sum of $90 per month for support of his children was committed "to jail for an indefinite period, or until the defendant purged himself of contempt by paying the sum of $660 to the plaintiff."

KRS 21.060 provides that appeals may be taken to this Court as a matter of right from all final orders and judgments of Circuit Courts in civil cases with certain named exceptions, one of them being judgments punishing contempts. However, in Roper v. Roper, 242 Ky. 658, 47 S.W.2d 517, we held that disobedience of equity court orders in divorce proceedings is constructive contempt, commonly known as civil contempt as distinguished from criminal contempt and that an appeal lies. KRS 21.080 provides that when the amount in controversy is as much as $200 and less than $2,500, an appeal may be prosecuted by filing a motion that the appeal be granted and if, after an examination of the record, the court decides that the appeal should not be granted, the motion shall be overruled without a written opinion.

The proceeding in the case at bar was had under notice of appeal and since a complete record has been filed in this Court, we shall treat this proceeding as being a motion for appeal since the amount in controversy and the sum of money necessary to be paid in order that appellant be purged of contempt is $660.

We have examined the record and have concluded that the chancellor was justified in entering the judgment above referred to.

The motion for appeal is denied and the judgment affirmed.