Phillip T. BODEN, Petitioner,

v.

Willie McCOY, Judge of Hart County, Kentucky, and W. R. Gentry, Judge of Hart Circuit Court, Respondents.

Court of Appeals of Kentucky.

March 11, 1955.

Rehearing Denied May 13, 1955.

Terry L. Hatchett, Glasgow, for petitioner.

C. B. Larimore, Davis Williams, Mundfordville, for respondents.

STEWART, Chief Justice.

This is an original action whereby petitioner, Phillip T. Boden, seeks to prohibit the enforcement of an order which committed him to imprisonment for failure to pay arrears on an allowance awarded his wife in a divorce action.

The pertinent facts are that at a hearing on September 9, 1953, after due notice and at a time when Boden and his attorney were present in court, Boden was ordered to pay his wife the sum of $225 per month pendente lite, beginning August 29, 1953. Thereafter Boden made no payments and on November 20, 1954, he was ruled to appear before the Hart Circuit Court to show cause why he should not be punished for contempt for his delinquency in complying with the order of that court. On December 10, 1954, the day set for the hearing on the rule, Boden appeared without counsel and, after a trial, was adjudged guilty of contemptuous conduct. On the same day he was ordered incarcerated until he should purge himself by satisfying the amount he was in default and, in addition, the court costs, including his wife's attorney fee.

On December 23, 1954, Boden filed his verified application, pursuant to KRS 426.400, before the judge of Hart County, undertaking thereby to secure his discharge from the Hart County jail as an insolvent debtor. On the same date this application was dismissed. The proceeding in this Court is based upon the twofold claim that the judge of Hart County arbitrarily and therefore illegally rejected his application for discharge from imprisonment as an insolvent debtor and that the judge of the Hart Circuit Court continues to keep him in jail under a contempt order after he had fully complied with all the requirements of a statute which provides that his liberty should be restored to him because of the undisputed facts appearing in his application. He chiefly relies upon this language of KRS 426.400(4): "The provisions of KRS 426.400 to 426.420 shall apply to a person imprisoned by order of a court of chancery to compel the payment of money under a judgment of the court."

In the recent case of Gibson v. Stiles, Ky., 240 S.W.2d 609, 611, Gibson had been committed to jail under a contempt order of the Jefferson Circuit Court for his refusal to pay an award for the maintenance of his wife and child, and he thereafter made application before a justice of the peace to gain his freedom as an insolvent debtor by invoking the provisions of KRS 426.400. His wife petitioned for a writ in circuit court to prohibit the justice of the peace from releasing from imprisonment her defaulting husband who sought to avail himself of the insolvent debtor statute. The writ was denied by the lower court but this Court reversed on the appeal. The case turned on the pleadings. Gibson's demurrer to his wife's petition admitted that he had been voluntarily disobedient to the court order and for this reason we held the insolvent debtor statute did not apply "to a person committed to jail for a contempt of court consisting of a willful refusal to pay alimony."

While the Gibson case rejected a plea of inability because there was a showing of deliberate evasion on the part of the contemnor to respond to the order, that opinion significantly pointed out that a decree of alimony is not, in any legal sense of that term, a judgment for the

enforcement of an ordinary debt, but rather a judgment calling for the performance of a duty in which the public, as well as the immediate parties, is interested.

In Roper v. Roper, 242 Ky. 658, 47 S.W. 2d 517, 519, cited with approval in the Gibson case, one of the questions concerned the power of the court to imprison a man in order to coerce compliance with its order to pay alimony where a plea of inability had been interposed, and this Court there said: "Punishment of the husband or father (by confinement in jail) for contempt on this account (for being in arrears on an award) is a remedial process, often the only effective one to secure a wife and child the maintenance that has been awarded them, and is necessary to the administration of justice. It is not an imprisonment for debt, strictly speaking. * * *" (The insertions are supplied for the sake of clarity).

Alimony occupies a peculiar status in our system of jurisprudence. It is the provision of law for the wife's support out of the husband's estate, after their separation or after the dissolution of their marriage, in lieu of the husband's common-law obligation to support the wife. Metcalf v. Metcalf, 244 Ky. 536, 51 S.W.2d 675. The defaulting husband is not entitled to claim any statutory exemptions if his property be levied on for alimony arrearage. Nor does a discharge in bankruptcy release the bankrupt from liability for alimony. Gibson v. Stiles, cited above.

We summed up in the Gibson case the import of alimony, in so far as the debt idea is relevant, in this language: "Considering the nature of alimony, it appears reasonably clear that a decree for the payment of continuing alimony is not merely a judgment for the payment of money; in the ordinary sense, but is in the nature of an order making specific a duty imposed upon the husband by law in the enforcement of which the public has an interest. * * *" Certainly this statement embodies a sound humanitarian principle of justice.

Therefore, in the light of the foregoing reasoning, we conclude a defaulting contemnor may not seek the protection of the insolvent debtor statute as a means of securing his discharge from jail.

Wherefore, the temporary order that heretofore issued is dissolved, the permanent order sought in this action is denied and the petition is dismissed.