## Fornash v. Antrobus.

(Decided January 11, 1918.)

### Appeal from Grant Circuit Court.

1. Trial—Issues Out of Chancery—Transfer to Jury.—An order directing issues out of chancery to be tried by a jury should specifically state the issues to be tried, and the jury in its verdict should decide each issue separately, and not return a general verdict upon the whole case; but where a party failed to object to the motion to transfer or to the form of the order submitting the issues, and did not ask an instruction upon the subject, he cannot complain of the court's error in submitting the issues generally to the determination of the jury.

2. Trial—Plea of Payment—Argument of Counsel—Burden of Proof—Appeal and Error.—Under a plea of payment the burden of proof is upon the defendant which carries with it the right

to the concluding argument; and the denial of that right by the trial court constituted a reversible error.

C. C. ADAMS for appellant.

J. J. BLACKBURN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On January 8, 1916, the appellee, Wm. B. Antrobus sold and conveyed to Mrs. Sarah E. Fornash, the appellant, 43 acres of land for $950.00. Antrobus had theretofore bought the land from Richard Faulkner, who held a vendor's lien for $659.20.

At the time of her purchase, Mrs. Fornash paid Faulkner $450.00, and she subsequently paid Antrobus $50.00, on the purchase price. On March 8, 1916, she paid Faulkner the further sum of $169.20, making her total payments aggregate 669.20, leaving a balance of $280.80 still due. Up to this point there is no controversy between the parties. But in this action by Antrobus to enforce his lien for the $280.80 balance, which he claims was due him, Mrs. Fornash plead payment. The reply controverted all payments in excess of $669.20 as above indicated. It is further claimed in the petition that the deed to Mrs. Fornash had been delivered to Arnold to be held by him in escrow until Mrs. Fornash should pay all of her purchase money, and that she had fraudulently procured it from Arnold and had had it recorded. This, however, is unimportant in view of the fact that the rights of no intervening creditor have been affected; and, no further consideration need be given it.

Upon the motion of Antrobus the action was transferred to the common law docket "to try the issues of fact." Upon a trial under instructions which submitted the whole case to the jury, it returned a verdict for the plaintiff in the sum of $290.09, whereupon the court entered a judgment against Mrs. Fornash for that sum and enforced the plaintiff's lien. Mrs. Fornash appeals.

1. It will be observed that the order transferring the case to the common law docket to try the issues of fact spoke in general terms; it did not refer any specific issue for the determination of the jury. In effect it transferred the entire case to the common law docket, and it was there so tried. The only issue of fact was that of payment, and the proper practice would have been to order an issue out of chancery and submit only that ques-

tion to the determination of the jury. Consolidation Coal Co. v. Vanover, 166 Ky. 175. Instead of directing the jury to return a general verdict the trial court should have instructed them to return a specific finding on the question of payment. Bannon v. Patrick Bannon Sewer Pipe Co., 136 Ky. 574.

The reason for the rule is apparent. The chancellor does not submit the entire case to the jury; on the contrary, he retains the case and only asks the jury's advice upon certain questions of fact, which should be specifically submitted and answered. In Ayers v. Sneed's Admr., Sneed's Pr. Dec. 164, the court said:

"A chancellor, in order to inform his conscience as to any point arising in a cause, has a right to direct an issue to be tried as to that point, but in doing so the inquiry ought to be confined to the single point, and if more than one point arises the different points ought to be specially and particularly stated, and the jury in their verdict should answer to each separately; therefore, the court below erred in submitting the whole case arising upon the allegations contained in the bill and answer."

The same rule was applied in Petty v. Malier, 15 B. M. 592. In the Bannon case, after referring to Ayers v. Sneed and Petty v. Malier, *supra*, and stating that the legal issues should be tried by a jury and that the findings of the jury should be special to enable the court to decide the case, the court further said:

"We know of no case where the court has ever expressed a contrary view, and under the authority of the rule announced in those cases, the chancellor erred in directing the jury to return a general verdict, but he should have required it to answer each of the questions submitted separately."

The trial court erred in not submitting the specific question of payment; but as the appellant did not object to the motion or the form of the order, and did not ask an instruction upon the subject, she cannot complain of the error.

2. Mrs. Fornash claimed the burden of proof which carried with it the right to the concluding argument. Civil Code, section 317, sub-section 6. The trial court, however, denied the request and ruled that the burden was upon the plaintiff, who was given the concluding argument. This was error. The burden of proof lies on

the party who would be defeated if no evidence were given on either side. Civil Code Pr., section 526. The action being upon a note admitted to be genuine, the burden was upon the defendant to sustain her plea of payment. Ermert v. Dietz, 19 Ky. L. R. 1639, 44 S. W. 138; Logan County National Bank v. Barclay, 104 Ky. 97; Carlton v. Smith, 33 Ky. L. R. 648, 110 S. W. 873; Flexner University School v. Strassel Gans Paint Co., 112 S. W. 687; Chester v. Day, 127 S. W. 794; Ditto v. Hopkins, 164 Ky. 412. Had the case been submitted without any evidence, judgment would have been given for the plaintiff for the amount he claimed. The burden was, therefore, upon Mrs. Fornash, with the right to the concluding argument, and the failure of the trial court to recognize that right was reversible error. Royal Insurance Co. v. Schwing, 87 Ky. 410; Lucas v. Hunt, 91 Ky. 279; Crabtree v. Atchinson, 93 Ky. 338; Ermert v. Dietz, 22 Ky. L. R. 540, 58 S. W. 442; Mattingly v. Shortell, 120 Ky. 52; Shirley v. Renick, 151 Ky. 27; Ditto v. Hopkins, 164 Ky. 412.

Judgment reversed.