# Schweitzer's Trustee v. Schweitzer

(Decided January 27, 1931.)

HOWARD M. BENTON and FRANK V. BENTON, Jr., for appellant.

HORACE W. ROOT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In the years 1924 and 1925, William Schweitzer, John Schweitzer, and Walter Schweitzer were partners doing business in the firm name of Schweitzer Building Company. Certain partnership creditors, after recovering from the estate of John M. Schweitzer, deceased, a portion of their claims, brought suit against the remaining

partners, William Schweitzer and Walter Schweitzer, to recover the balance due. Thereupon William Schweitzer filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Kentucky at Covington, and listed in his indebtedness the claims of the creditors who had brought suit. The bankrupt, who was, and had been for several years, president of the Schweitzer Bros. Company, a corporation organized under the laws of the state of Ohio, and doing business at Cincinnati, in that state, and who owned 30 shares of its stock, reported among his assets only 1 share of stock in that company. On his examination it developed that in the month of April, 1926, he had transferred his remaining 29 shares of stock to his wife, Bessie Schweitzer. The trustee sought a surrender of the stock, and Mrs. Schweitzer and the bankrupt filed an answer denying that the stock was a gift to her, or that it remained in the bankrupt's possession, and pleading that the transfer to her was made in fulfillment of a promise that her husband would so transfer said stock to her for the benefit of her minor child by a former marriage. In view of the fact that her claim of title was coupled with alleged possession, the referee held that the federal court was without jurisdiction, and authorized the trustee to proceed in the state court for the recovery of the 29 shares of stock for the benefit of her husband's creditors, whose claims had been proved in the bankruptcy proceeding.

Thereafter this action was brought by the trustee to set aside the transfer and recover the stock on the ground that the stock was a gift, and its transfer was fraudulent and void as to the creditors. Mrs. Schweitzer denied the allegations of the petition and pleaded affirmatively that the stock was transferred "for good and valuable consideration." The trustee then moved to require Mrs. Schweitzer to make her answer more definite and certain, by setting out the consideration she gave for the transfer of the stock, but the motion was overruled. Thereafter the cause was transferred to the ordinary docket for trial. On hearing the evidence the jury found for Mrs. Schweitzer. The trustee appeals.

The first ground urged for reversal is the failure of the court to sustain the motion to make the answer more definite and specific. In reply to this contention it is suggested that the action of the court, even if improper,

was not prejudicial. In our opinion, the motion should have been sustained. In the first place appellant was entitled to an answer setting forth the alleged consideration in order that the court might determine whether the facts pleaded were sufficient to constitute a defense; and in view of the secrecy attending transactions between husband and wife, and the difficulty of detecting fraud, appellant was entitled to a more definite statement of the consideration in order that he might have time to investigate the facts relied on and prepare to rebut them. Doubtless there are cases where the refusal of the court to require a party to make his pleading more specific may not be prejudicial, but because of the relationship and circumstances of the parties here involved we are not inclined to take that view of the question.

On the hearing Mrs. Schweitzer testified that she had "around $1,600.00 or $1,800.00," and that she contributed this money to her husband to be used in building their home in consideration of his agreement to transfer the stock. This instruction submitting the question is criticized on the ground that it assumed that she advanced the money to her husband, and that it authorized a verdict for Mrs. Schweitzer, even though the stock greatly exceeded in value the amount of money so contributed. Not only is there merit in this criticism, but the instruction was erroneous in a more important particular. The action is one to set aside a transfer of stock on the ground of fraud, and therefore purely equitable. Though commenced as such, the parties had the right, under section 12 of the Civil Code of Practice, to have the issue of fact tried by a jury. In such case the verdict of the jury is not conclusive, but merely advisory, and, in view of this fact, we have ruled in a number of cases that only the issue of fact should go to the jury, and that it is error to submit the whole case and direct the jury to return a general verdict. Fornash v. Antrobus, 178 Ky. 621, 199 S. W. 781; Consolidation Coal Company v. Vanover, 166 Ky. 172, 179 S. W. 43; Bannon v. P. Bannon Sewer Pipe Co., 136 Ky. 556, 119 S. W. 1170, 124 S. W. 843.

Whether the situation was such that the chancellor should have disregarded the finding of the jury, and have rendered a decree in favor of appellant, we do not decide. In view of another trial, however, it is proper to add that, even if the jury find the issue of fact in favor of Mrs. Schweitzer, the payment of the money in considera-

tion of the agreement to transfer the stock will not be a sufficient consideration for the transfer of any stock of a greater value than the amount of money so paid.

Inasmuch as Mrs. Schweitzer testified in the action, her husband was not a competent witness in her behalf, section 606, Civil Code of Practice, and the court will not permit him to testify on another trial.

No other questions are passed on.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.