## Gibson et al. v. Rogers et al.

(Decided Oct. 12, 1937.)

THOMAS W. BEALE for appellants.

ALLEN P. DODD, DODD & DODD, A. C. VAN WINKLE and VAN WINKLE & SKAGGS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Joseph H. Gibson and others residing in the vicinity brought suit in the Jefferson circuit court, chancery branch, first division, against Ralph Rogers, doing business as the Louisville Crushed Stone Company, to en-

join the operation of his quarry, on the ground that its operation was a nuisance. The court perpetually enjoined Rogers, his agents and servants "from discharging or permitting to be discharged such blasts of dynamite or other explosives in the operation of the quarry owned by the defendant, * * * as would jar the dwelling houses or other buildings of any of the plaintiffs herein to such an extent as would interfere with the comfortable and reasonable enjoyment of their homes or houses; or to cause said houses, or any of them, to vibrate or shake; or to cause the plastering or other coverings of the walls or ceilings in any of said houses to crack or fall or be in any other way damaged; or to cause the foundations· of any of said houses to crack or be damaged; or to cause the concrete sidewalks to any of these said houses to crack or be in any way damaged." On appeal the judgment was affirmed. Rogers v. Gibson, 267 Ky. 32, 101 S. W. (2d) 200. On March 27, 1937, Gibson and his coplaintiffs filed in the lower court their motion, supported by affidavits, for a rule against Ralph Rogers, Gilbert C. Brummhoffer, his superintendent, and Ora Brown, his foreman, to show cause why they should not be punished for contempt of court for violating the injunction. The rule was made returnable on March 30th. After hearing a portion of the evidence the chancellor on his own motion transferred the case to the common-law court for trial by jury of the question whether the injunction was violated. After hearing the evidence of both sides the jury, by a vote of nine to three, answered the question in the negative. In due time Gibson and his coplaintiffs filed their motion for a new trial in the common-law court, and the motion was overruled. They then filed in the chancery court the transcript of the testimony heard on the trial of the issue in the common-law court, and moved that court to set aside the verdict of the jury. The motion was overruled and the rule discharged.

On May 5, 1937, Gibson and his coplaintiffs filed in the chancery court their motion, supported by affidavits, for a rule against Gilbert Brummhoffer, the superintendent, to show cause why he should not be punished for contempt for violating the injunction. Upon the calling of the rule on May 13th, the chancellor, after permitting the plaintiffs to be cross-examined concerning the blast, discharged the rule. From the orders discharging the two rules this appeal is prosecuted.

At the outset we are met by the contention that the orders discharging the rules are not appealable. There is language to this effect, Brown v. Brown, 96 Ky. 505, 29 S. W. 318, 16 Ky. Law Rep. 610, but a careful review of the question leads inevitably to the conclusion that the language was inadvertently used. The case is not one of criminal contempt, but of civil contempt, consisting of the failure to do something ordered by the court for the benefit of the opposing party. Livingston County v. Crossland, 229 Ky. 733, 17 S. W. (2d) 1018; Hall v. Hall, 246 Ky. 12, 54 S. W. (2d) 391. It would be a rare doctrine if a party could obtain an order from a court commanding or prohibiting the doing of a thing, and could go no further if the court should fail to compel obedience to the order. For that reason we are committed in our more recent opinions to the rule that a party grieved by an order in a civil contempt proceeding may prosecute an appeal. Thus in Roper v. Roper, 242 Ky. 658, 47 S. W. (2d) 517, we held that the chancellor's refusal to commit a party to jail for contempt in disobeying an order in a divorce proceeding was reviewable by this court. The case being properly before us, the motion to dismiss the appeal is overruled.

The first ground urged for reversal is that the chancellor erred in ordering an issue out of chancery. There being no statute on the subject, it may be conceded that neither party to a contempt proceeding is entitled to have the question of contempt submitted to a jury. But that is not this case. The chancellor did not transfer the case to the common-law court for the trial of the question of contempt, but solely for the trial of a question of fact, that is, "Did Rogers, or his agents and servants, violate the order of court?" We doubt not that the chancellor had the power to order this to be done, but clearly the verdict of the jury is not binding on the chancellor, but merely advisory. Schweitzer's Trustee v. Schweitzer, 237 Ky. 159, 35 S. W. (2d) 3; Morawick v. Mortineck's Guardian, 128 Ky. 155, 107 S. W. 759, 32 Ky. Law Rep. 971; Anheier v. De Long, 164 Ky. 694, 176 S. W. 195, Ann. Cas. 1917A, 1239. There is all the greater reason for holding the verdict advisory in a case like this, as it would often destroy the power of the court to enforce its own process if it were necessary to leave to another tribunal the question whether the court's order had been violated. However, in such a case the chancellor should exercise an independent

judgment and determine for himself whether there was a violation of his order. As the transcript of the testimony heard before the jury in the common-law court was filed in the chancery court, and the chancellor also overruled the motion for a new trial, we take it that he exercised an independent judgment and reached the conclusion that there had been no violation of his order.

But the point is made that contempt is a quasi criminal proceeding, and the verdict of the jury was not unanimous. Inasmuch as only a question of fact was submitted to the jury, and that, too, in a civil proceeding for the benefit of appellants, City of Newport v. Newport Light Co., 92 Ky. 445, 17 S. W. 435, 13 Ky. Law Rep. 532, and the chancellor's purpose in submitting the question to the jury was merely to obtain its advice and assistance, the fact that there was a nine to three verdict did not affect the validity of the proceeding, and affords no ground for complaint.

There is the further contention that the court erred in permitting appellees to show the result of a test made with a seismograph in the prior November, and to show that after the injunction was granted they reduced the charges of dynamite to certain amounts. The two questions may be considered together. The seismograph test with a charge of 73 pounds of dynamite showed practically no vibration. That being true it is not probable that less amounts of dynamite would have caused vibrations. Clearly it was proper to show both the result of the test with the seismograph and the subsequent reduction in the charges of dynamite as bearing on the question of vibration.

But it is insisted that the finding of the jury and of the chancellor is not sustained by the evidence. On the one hand we have the evidence of appellants and others that on certain occasions their houses were shaken by the blasts. On the other hand there was evidence that no blasts were fired at the times testified to by some of appellants, and that on no occasion did the blasts actually fired cause any appreciable shaking of the houses in the neighborhood. While in a case of this kind, involving the violation of an injunction granted with the approval of this court, the court will decide for itself the question of violation, we are unable to say that the verdict of the jury, confirmed by the judge be-

164

fore whom it was tried, and also by the chancellor, is not sustained by the evidence. In reaching this conclusion we merely hold that during the periods in question there was no violation of the injunction. Should appellees violate the injunction hereafter appellants will not be without adequate relief.

Judgment affirmed. Whole court sitting.