# Massie's Ex'x v. Massie's Ex'x.

Nov. 21, 1941.

Beckham A. Robertson for appellant.

Cary, Miller & Kirk for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This action was filed by the executrix of G. C. Massie against the executrix of R. E. Massie seeking judgment on a note of $4,500, dated April 6, 1926, executed by R. E. Massie to G. C. Massie. The petition alleged that the claim was duly verified and presented to R. E. Massie's executrix and demand made for payment. The answer denied the verification, presentment and demand and in addition pleaded payment. The evidence conclusively established verification, presentment and demand. Evidence for the defendant was to the effect that payments aggregating $6,424.80 were made on the note at various times, this evidence being contradicted by evidence for the plaintiff.

The trial court, over the objection of appellant, adjudged the burden of proof to be on the plaintiff, thereby depriving the defendant of the right to open and close the case. The case was submitted to the jury under an instruction directing them in substance to find for the plaintiff the amount of the note sued on if they believed the claim was verified and presented to the defendant and payment thereof demanded prior to the filing of the suit, with directions to state in their verdict the dates and amounts of any payments they found from the evidence had been made on the note. The jury found for the plaintiff and from the judgment entered on that verdict this appeal is prosecuted. The principal ground for reversal relied on is that error was committed in denying the appellant, defendant below, the burden of proof.

We have held many times that when the execution of an obligation is admitted and payment thereof pleaded the burden of proof is on the defendant. Some of the cases so holding are Williams v. Denny, 238 Ky. 662, 38 S. W. (2d) 668; Whitteker, Adm'r, v. Holcomb, 177 Ky. 790, 198 S. W. 533 and Fornash v. Antrobus, 178

Ky. 621, 199 S. W. 781. Further, it has many times been held that a denial of the burden of proof and the closing argument to the party entitled thereto is reversible error. Fornash v. Antrobus, supra; Louisville & N. R. Co. v. Hargis, 230 Ky. 806, 20 S. W. (2d) 991, and cases therein cited.

It is conceded by the appellee that where the defendant admits the execution of an obligation and pleads payment the burden of proof is on the defendant and that a denial of the burden to him is reversible error but it is insisted that as the petition alleged verification and demand, which was denied in the answer, the burden of proof was on the plaintiff (appellee) because the plaintiff would have been defeated in the action if no evidence had been introduced proving the verification and demand. This theory was, of course, adopted by the trial court in submitting to the jury the issue of verification and demand raised by the pleadings. Such action by the trial court, however, and the argument of appellee to sustain it, is wholly untenable since the issue on this point was not one going to the merits of the case but was purely a procedural matter triable by the court and not by the jury. As far back as 1854 it was pointed out by this court in Thomas' Ex'r v. Thomas, 15 B. Mon. 178, that in an action of this character it is unnecessary to allege verification and demand, since this matter does not affect the merits of the action. It was therein pointed out that the appropriate method of practice in connection with this matter was the filing of an affidavit by the defendant, before answer, setting up lack of verification and demand as the foundation of a motion for a rule to dismiss without prejudice for lack of verification and demand. This was also held to be the proper practice in Martin & Co. v. Davis' Adm'r et al., 226 Ky. 722, 11 S. W. (2d) 912 and Comingor v. Louisville Trust Co., 128 Ky. 697, 108 S. W. 950, 111 S. W. 681, 129 Am. St. Rep. 322. Thus we see that by treating this procedural issue as one going to the merits of the case and submitting it to the jury the trial court incorrectly adjudged the burden of proof. The issue as to whether verification and demand has been made should, when properly raised, be determined by the trial court before trial on the merits. In any event the trial court should here have determined that verification and demand was made since the evidence was conclusive on this point. The

only issue to be tried by the jury was therefore one of payment—on this issue the defendant (appellant) was entitled to the burden of proof and, in accord with the above authorities, the failure properly to place burden was reversible error.

It is also contended by appellant that errors were committed by the trial court in admitting evidence over her objections in several instances. The first instance complained of is that the appellee was permitted to testify that she found the note sued on in the lockbox of her deceased father. No error was committed here since this evidence was competent. Combs v. Roark, 206 Ky. 454, 267 S. W. 210. On the next trial, however, the court should limit the testimony of the witness to the fact that she found the note in the lockbox and not permit her to testify as to going with her father to the lockbox on numerous occasions and as to his failing health and lack of hearing.

Further complaint is made of the trial court's action in permitting the appellee to testify that no part of the note had been paid to her as executrix. Since the evidence did not purport to show any payment to her but only to her husband in his lifetime, this evidence should have been excluded. However, we regard it as immaterial and do not consider it as reversible error.

Another complaint is as to the action of the trial court in permitting appellee to testify that she talked to appellant over the telephone and told her about having the note. It is insisted that, in testifying to what she said to appellant, appellee was then and there, in effect, testifying to what her deceased husband had said to her. In this contention we see no merit whatever, all that this witness testified was that she told appellant she had the note in her possession. This was in no sense testimony as to any verbal statement of, transaction with, or act done or omitted to be done by, her deceased husband.

The final contention is that error was committed in overruling the appellant's objection to certain testimony of H. M. Snyder, teller of the First-Owensboro Bank and Trust Co. in which the deceased, G. C. Massie, kept his account. A check for $4,000 dated October 7, 1935, payable to G. C. Massie and drawn by R. E. Massie was introduced in evidence by appellant, and there was testimony that it was given as a payment on the note. To

demonstrate that this was not true the appellee introduced G. C. Massie's passbook showing a deposit on October 7, 1935, of $4,000 which showed, written on the same line of the deposit, the word "tobacco" in the handwriting of the witness Snyder. In order to identify that deposit as being the same check for $4,000 which had been introduced in evidence, the original check was exhibited to the witness and he stated that it was the same check received for deposit from G. C. Massie on October 7, 1935, and entered in his passbook as "tobacco." In this connection he stated that the bank used photographic equipment known as "Recordak" with which photographs are made of each check handled and that by means of a projector included in this equipment any check passing through the bank may be thrown on a small screen and examined in detail. The witness stated that on the morning of the trial he had used the projector and had seen a picture of the check received from G. C. Massie for deposit on October 7, 1935, and was thereby enabled to say that the original check then exhibited to him in court was the same check which he had entered in the passbook. We see no merit in the contention that error was committed in permitting this testimony since the original check itself was placed in evidence—the witness did not attempt to testify to the contents of a record without producing the record. There might be merit in this contention had the original check not been introduced in evidence but, since it was and since the witness testified that the original check was deposited to G. C. Massie's credit on October 7, 1935, certainly no prejudicial error was committed.

For the reason that error was committed in denying appellant the burden of proof, the judgment is reversed, with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.