## Mason v. Miracle.

May 9, 1944

480

Henry L. Bryant for appellant.

Cleon K. Calvert and W. L. Hammond for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

The appeal is from an order discharging a rule against appellee to show cause why he should not be adjudged to be in contempt of court, for the alleged violation of a temporary injunction issued by the Trial Court, in pursuance of the mandate of a majority of the Judges of this Court rendered on the twenty-fifth day of October, 1943, but which does not appear in the published reports. The injunction restrained appellee "until the further order of the court from entering upon or mining or quarrying any sand or doing any other thing on the tract of land which was heretofore in this case adjudged to movant, John Henry Mason, and which is described as follows: * * *." Previous to the injunction, appellee had entered upon the land in question, and was quarrying sand therefrom, pursuant to a lease from one W. E. Mason, who in turn had leased the property from appellant, John Henry Mason. In directing the injunction to issue, this Court declared the lease from John Henry Mason to W. E. Mason to be a lease at will, because it was unilateral and without mutuality. It was further determined that the attempt by W. E. Mason to transfer the lease to appellee resulted in a forfeiture; and, since the lessor had demanded possession of appellee, the latter remained upon the property without right. During the pendency of the action W. E. Mason executed a deed to the property to Bettie Miracle, the mother of the appellee, who thus became a pendente lite purchaser. In deeding the property to Mrs. Miracle, W. E. Mason claimed ownership by reason of an unrecorded deed which had been delivered to him by John Henry Mason on January 2, 1939. That deed was redelivered to the grantor, and was destroyed by mutual assent of the parties. Simultaneous with the destruction of the deed, W. E. Mason entered into the aforementioned written unilateral contract of lease with John Henry

Mason, thus recognizing the latter's title to the land. While the injunction was in effect, appellee leased the land from his mother, and reentered the property and recommenced mining sand therefrom. This is the act complained of in the rule which was discharged by the Chancellor.

The response of appellee to the rule recited the above facts, and it is insisted that the injunction applied only to the status of the parties at the time the injunction issued; and, since Miracle is claiming tenancy under another contract of lease and his right to occupy the land must be determined under the new state of facts, he is not in contempt of court for violating the injunction. We are of the opinion that the response did not state a defense to the charge that he is in contempt. The injunction restrained him from doing the act he admits he is now performing. If he has the right, under a different state of facts, to enter upon the land and quarry the sand, it devolves upon him to move the Court to discharge the injunction upon a hearing of the case upon its merits. This he has not done, but he has assumed the right to re-enter the land and perform the act he was restrained from doing, upon his own determination that he has the right to do so. If such a showing should be deemed to be sufficient to discharge a rule for contempt, the Court would be without power to enforce its injunction; all one would have to do, to avoid an injunction of this character, would be to obtain a lease from a stranger and recommence performing the acts from the doing of which he has been enjoined. Until the injunction shall have been discharged or modified, any entry upon the land by appellee constitutes contempt, and the Chancellor should have so adjudged.

Appellee's position would not be improved, if we accepted his theory that the injunction applies only to his claimed right to enter upon the property under W. E. Mason. He is in no better standing, by reason of his entry under Mason's grantee, than he was by reason of his entry under Mason himself. Indeed, Mason in his answer asserted his claim of ownership to the property, and the injunction was issued in the face of that pleading, although Mason did not press his claim of ownership at the time the injunction was issued; and appellee, Miracle, chose to assert his right to remain in

possession as sublessee under the ownership of John Henry Mason, rather than as original lessee under the ownership of W. E. Mason.

Since an order refusing to adjudge the guilty party to be in contempt of court is subject to review of this Court (Gibson et al. v. Rogers et al., 270 Ky. 159, 109 S. W. (2d) 402, 403), the order discharging the rule is reversed, with directions to the lower Court to adjudge appellee to be in contempt, and for proceedings consistent with this opinion.