**Gerald R. MAYES, Appellant,**

v.

**Carlie Fay COE et al., Appellees.**

Court of Appeals of Kentucky.

May 6, 1966.

Richard L. Garnett and Dale Burchett, Glasgow, for appellant.

Wilson, Baker & Herbert, Glasgow, for appellees.

CULLEN, Commissioner.

Appellee Carlie Fay Coe, owner of a motel of which appellant Gerald R. Mayes was in possession under a purchase contract calling for monthly payments over a period of years, ousted Mayes and retook possession of the motel because of a claimed breach of the contract by Mayes. The latter brought the instant action seeking restoration of possession and damages. After a trial the circuit court entered judgment dismissing the complaint. Mayes has appealed from that judgment.

Among other things, the purchase contract authorized repossession by the seller in the event of a default for a period of more than 30 days in the making of any monthly payment. The claimed existence of such a default was one of the reasons asserted by Coe for repossessing the motel. The circuit court found that there was such a default. Mayes maintains on this appeal that he was not in default and actually was in the position of having overpaid his obligation.

Our examination of the evidence, both oral and documentary, convinces us that the following statement presents a reasonably true picture of what happened. The seven monthly payments due under the contract up to and including May 25, 1963, were paid and receipted for. (Some of the payments were late and involved the making good of a few "cold" checks. Coe had made known to Mayes that he was not pleased with the delay and trouble.) Another payment was due on June 25. The contract was forfeitable if that payment were not made by July 25. Early in July Mayes gave Coe a check for $50, which proved to be "cold". Mayes and Coe then had a discussion as a result of which Mayes gave Coe a new check, *postdated* to July 18, for the full $200 due for June 25. Mayes also turned over to Coe a used Jaguar automobile at an agreed value of $850, and they agreed (as evidenced by a written memorandum) that $450 would be credited on

the *principal* of the purchase price and the remaining $400 would be considered a credit of $100 per payment on the four payments thereafter to fall due on July 25, August 25, September 25 and October 25. Unfortunately the $200 postdated check also turned out to be "cold". A further cause of irritation was that the authorities refused to issue a license for the Jaguar because its identification number was missing and the person listed as owner on the title papers denied ever having even heard of the car. When July 25 went by without the $200 payment for June 25 having been made good, Coe repossessed the motel.

■ We think it is clear that the payment for June 25 was not made. All that Coe received for this payment was two worthless checks. However, Mayes argues that by virtue of the Jaguar transaction he had an $850 general credit which could and should apply against the June payment. The trouble with that argument is that the parties expressly agreed that the credit would be applied specifically, part to principal and part to future payments. It is clear that the parties intended the June payment to be paid as per the contract.

■ The simple truth is that Mayes was in default on the June 25 payment for more than 30 days and this gave Coe the right to repossess. While Coe had not asserted a forfeiture when some of the previous payments were late, he had not led Mayes to believe that late payments would always be condoned. On the contrary, it appears that at the time of the Jaguar transaction Coe not only was insisting on timely payment for June but was demanding some security against future delays.

The view we have taken makes it unnecessary for us to consider other questions discussed in the briefs, such as the effect of a failure of consideration in regard to the down payment on the motel made by the original purchaser (whose rights were purchased by Mayes).

The judgment is affirmed.