**Georgia A. CARTER and Billy Wayne Carter, Appellants,**

v.

**JIM WALTER HOMES, INC., Appellee.**

Court of Appeals of Kentucky.

June 5, 1987.

Louis M. Waller, Russellville, for appellants.

Scott C. Marks, Harlin, Parker and Rudloff, Bowling Green, for appellee.

Before COMBS, COOPER and HAYES, JJ.

COMBS, Judge.

This is an appeal from a summary judgment and order of sale of the Logan Circuit Court in a foreclosure action. The issue on appeal is whether the record demonstrates genuine issues of material fact as to payment arrearages, failure to maintain homeowners' insurance, and construction defects raised in appellants' counterclaim, which would preclude summary judgment pursuant to CR 56.03.

Appellants, Billy Wayne and Georgia Carter [hereafter Billy Wayne or Georgia], contracted with appellee, Jim Walter Homes, Inc., [hereafter Jim Walter], in February 1980 for the construction of a house and executed a promissory note secured by mortgage. The contract contained an acceleration clause whereby the entire balance owed on the note could become immediately due and collectible at mortgagee's option when appellants were delinquent in their monthly mortgage payments for more than thirty (30) days. Furthermore, appellants were contractually required to maintain insurance on the house, and were to be considered in default if they failed to pay their premium within thirty (30) days of the lapse of said insurance. Appellee placed the account in foreclosure in December, 1985, claiming that appellants had not made their October, November and December, 1985 payments and that their insurance had lapsed as of August, 1985. Appellee filed suit in January, 1986, and moved for summary judgment in June after taking appellants' depositions. The circuit court granted the motion in July, 1986, ordered the sale of appellants' subject property and dismissed appellants' counterclaim with prejudice.

The first issue pertains to appellants' alleged delinquency in their October, November and December, 1985 mortgage payments. Appellee offered an affidavit and a ledger sheet as evidence of the missing payments and of the fact that many other payments had been more than thirty days delinquent.

In their deposition, Billy Wayne and Georgia disagreed with appellee's claim of frequent delinquency. Georgia also testified that she made the October, November and December, 1985 payments. Although the Carters' brief advances that cash payments were often made, Georgia's deposition indicates that money orders were the usual mode of payment, and were either mailed or taken to her father for mailing or pickup by a Jim Walter representative. The only cash payment specifically referred

to, and evidenced in appellee's Account Contract Report, was $150.00 tendered on September 26, 1984 and testified to be partial payment for September. Georgia also testified that her father would send the money orders to Jim Walter as close to payment date as he could, and would let her know when there was going to be some delay.

Appellee argues that the Carters' claim that they made the October, November and December payments must fail because they did not produce any evidence of these payments and did not satisfy their burden of proof as set forth in *Massie's Ex'x v. Massie's Ex'x*, 288 Ky. 370, 156 S.W.2d 195 (1941) and in *Desjardins v. Desjardins*, 308 F.2d 111 (6th Cir.1962).

Appellants offered several money order customer receipts: one dated December 12, 1985 which Georgia testified was the December, 1985 payment; a second dated January 7, 1986 which she stated was purchased by Billy Wayne for January; a third dated May 19, 1986 which was not testified to in appellants' deposition but which, together with the January 7 money order, was returned by appellee's counsel to appellants' counsel two days after appellants had testified, in their sworn affidavit in support of their reply to appellee's motion for summary judgment, that they had continued making payments to Jim Walter after the filing of this action, that payments had been accepted by appellee and that appellants were current with their monthly payments. Subsequently, appellants moved the court to be granted leave to make their monthly payments into court, including the ones that had been returned to them.

■ We hold that a genuine issue of material fact exists as to the allegedly missing payments. Appellee claims appellants produced no evidence of payment. Appellants testified they made the payments and produced some money order receipts which, in our considered opinion, could evidence at least a portion of the contended payments. Furthermore, appel-

lants' tendered payments after foreclosure, their claim that they made continuous payments and were current, and their offer to make payments into court raise an issue as to the existence of default, which was not put to rest by any of appellee's allegations. We also notice that appellee did not provide appellants with a payment book which could have helped all concerned parties keep up with the account and the payment dates.

We believe that appellee's ledger sheet alone is not sufficient to provide the evidence calling for a summary judgment in its favor. Georgia, the spouse handling most of the couple's bills, disagreed with some of the dates on appellee's ledger sheet. We also note that the ledger sheet might not totally reflect the status of appellants' account since it fails to show any event for the months of October, November and December, 1985 except for a $278.70 payment made on December 17 and credited to September, and the December 26 declaration of foreclosure. In addition, there is in the record the copy of a $128.00 cashier's check made to appellee and dated July 22, 1985 which does not appear on the ledger sheet. In summary, we find that genuine issues of fact regarding appellants' alleged delinquency are raised by the record. Appellee cites *Hartford Insurance Group v. Citizens Fidelity Bank & Trust Co.*, Ky.App., 579 S.W.2d 628 (1979) for the proposition that summary judgment was proper because appellants presented no contradicting evidence. However, the *Hartford* case also holds that even when there is no contradicting evidence, the evidence presented by the moving party must be of such nature that no genuine issue of fact remains to be resolved. Since we concluded it was not so, we hold that summary judgment on this issue was clearly erroneous.[1]

On the matter of insurance, it is appellee's position that appellants let it lapse, that appellants were informed of the lapse by Jim Walter and by State Farm Insurance, and that Jim Walter had to take

---

1. However, we find no merit in appellants' alternate argument that, if indeed their payments were often more than thirty (30) days late, appellee's acceptance of them in the past constitut-

ed a waiver of strict enforcement of the contract terms. We agree with appellee that this is not the law in Kentucky. *See Mayes v. Coe*, Ky., 402 S.W.2d 685 (1966).

insurance on their behalf. Appellants testified that they never received the letters dated June 20 and August 22, 1985 in which Mid-State Homes, Inc. (Jim Walter) informed them of the cancellation of their insurance policy, neither did they receive State Farm's cancellation notice dated August 7, 1985 and indicating they owed $145.39. All they received was a card from Jim Walter describing a new insurance policy with Best Insurors, Inc., at a rate they place at $600—$700.00 which, according to our review of the record, appears to be three times higher than the policy they had with State Farm.

We find that the record contains many issues of fact relating to appellants' insurance. Appellants expressed surprise that appellee would send them a letter of insurance cancellation in June since their State Farm insurance was still good at the time. Furthermore, although they agreed that their insurance must have lapsed in the fall, 1985, they also expressed surprise that Jim Walter would send them a cancellation notice dated August 22, when at that time they should have had a 30–day grace period. They did not receive these two letters but, at some point, which we assume was around the time they received the Best Insurors policy rates, they started looking for a new insurance company to replace State Farm. Billy Wayne and Georgia testified they were unable to obtain new insurance because of the past poor relationship of insurance carriers with Jim Walter. In their answer to the complaint they stated that Jim Walter arbitrarily took out insurance at an excessive rate.

In addition, and this is probably the most puzzling item, there is in the record a copy of a policy renewal notice from State Farm made to Billy Wayne and Georgia Carter. Under its terms, appellants were to pay $208.00 for a Homeowners Policy—Special Form 3 covering the period February 28, 1985 to February 28, 1986. Georgia testified they paid "two hundred nine or something like that." She could not remember exactly when they paid, but she knew it was before August, 1985. Clearly, and although both appellants did not disagree with the August 22, 1985 lapse date pleaded by appellee, there is a genuine issue of material fact as to whether or not Billy Wayne and Georgia had failed to maintain their homeowners insurance when the suit was filed in January, 1986. We are of the opinion that summary judgment was in error.

 Finally, we review the dismissal with prejudice of appellants' counterclaim. Appellants stated that their roof leaked and continued to leak, notwithstanding repeated pleas for assistance, and that Jim Walter failed to provide materials included in the construction contract, such as window locks and closet tracks. We need not review the merits of appellants' claims, repeated in their deposition, because the record contains a Jim Walter completion slip dated October, 1980 and signed by Billy Wayne in which he states that he inspected the house, and advises that no further work remains to be done nor materials or fixtures to be supplied, and that Jim Walter has fulfilled its building contract in every respect. In their reply to appellee's motion for summary judgment, appellants stated that the completion certificate was signed in anticipation of performance represented to be forthcoming. Since the record does not contain the plans, specifications or limited warranty which are part of the contract entered into by appellants and appellee, we do not even know whether appellants have any legal ground to complain about these particular shortcomings. Be it as it may, we believe the signed completion slip is sufficient to bar the counterclaim since there is no evidence in the record to support appellants' allegation that representations of forthcoming performance were made to them at the time they signed it. We affirm the dismissal with prejudice of appellants' counterclaim.

The summary judgment and order of sale of the Logan Circuit Court is vacated as it pertains to appellants' monthly payments and insurance delinquency, and the case is remanded for a trial on the merits.

All concur.