Reese's Admr. v. Youtsey, &c.

CASE 101—ACTION TO CANCEL A DEED.—SEPTEMBER 18.

# Reese's Admr. v. Youtsey, &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    AFFIRMED.

EQUITY—RIGHT TO JURY TRIAL.

Held:    In an action purely cognizable in equity, in which no legal issue arises, it is within the sound discretion of the chancellor whether he will impanel a jury to try the issue of fact on which the determination of the equitable issue depends, and his action in refusing to do so will not be disturbed unless that discretion has been abused.

JOHN S. ROEBUCK, JR., FOR APPELLANT.
    (No brief in the record.)

L. J. CRAWFORD, FOR APPELLEE.

    On September 7, 1899, America Reese, an aged spinster, who had been largely dependant upon her neighbors for the comforts and most of the necessities of life, but who owned a little place worth from $400 to $600, deeded the place to appellee, Martha Youtsey, upon the condition that the grantee and her husband keep the grantor during her life, and provide for her a decent burial.

On January 15, 1900, she was induced to go to the home of Mrs. Webber, her cousin, and on the 11th of January, 1900, she made a will devising said property to Mrs. Webber upon the same conditions contained in the deed to Martha Youtsey.

On January 22, 1900, this suit was brought by America Reese, alleging that the deed was obtained by fraud and solely because she thought she was making a will instead of a deed and prayed for a cancellation of the deed.

The evidence shows that she intended to and did make the deed and retained a lien therein to secure the performance of the contract.

She does not seek to enforce her lien for non-performance of the contract, but relies solely on the allegation of fraud on which there is absolutely no proof to sustain it.

Plaintiff below, moved "to transfer the case to the ordinary docket and to award a jury to try all the issues." .The issue being one of purely equitable cognizance, the motion was overruled.

We contend that this motion was addressed entirely to the discretion of the court.

## CITATIONS.

Kennedy v. Ten Broeck, 11 Bush, 241; Blakely v. Johnson, 13 Bush, 197; Hill v. Phillips, 87 Ky., 169; Corder, & Vallandingham v. Weisenburg, 95 Ky., 135.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

This was an action in equity to cancel a deed executed by America Reese to appellees, upon the ground that the same was procured by fraud; that the grantor in the deed was induced to believe, and did believe, that she was making a will, when in fact the writing that she signed was a deed. After the proof had all been taken by deposition, appellant asked that the issues of fact be submitted to and tried by a jury. The court overruled that motion, and the case was submitted and tried by the court, who adjudged that the petition be dismissed, and hence this appeal.

Counsel presents for our consideration the action of the court in refusing a jury trial, and insists that this action was prejudicial error, requiring a reversal. The cause of

action was purely equitable, and while it depended on an issue of fact as to the existence of fraud in procuring the deed, there was no legal issue that was triable at law presented. Upon this issue of fact presented by the pleadings, the chancellor might have called to his aid a jury, but he was not compelled to do so. Kennedy v. Ten Broeck, 11 Bush, 241; Blakey v. Johnson, 13 Bush, 197, 26 Am. Rep., 254; Hill v. Phillip's Adm'r, 87 Ky., 169 (10 R., 31) 7 S. W., 917. The right of trial by jury guaranteed to the citizen by the Constitution was the right as it existed at common law and in common-law courts. The Code of Practice has not changed this rule as to cases purely cognizable in equity. If, in any equity case, a legal issue arises—one that was or is ever triable by a jury as of right —then either party may demand that the issue be tried by a jury. No such issue was here presented. There was no error, and, in our opinion, no abuse of discretion, in refusing to impanel a jury in this case. Upon the merits, appellant failed to sustain his cause, and the judgment was proper.

Judgment affirmed.