## Consolidation Coal Company v. Vanover, et al.

(Decided October 13, 1915.)

### Appeal from Letcher Circuit Court.

1.  Appeal and Error—Dismissal.—Where the clerk below copies, at the instance and direction of the appellant, the entire record in the case, and his certificate shows that the transmitted record, together with the stenographer's transcript of the evidence signed by the judge and endorsed by the clerk, is a true and correct

copy of the case as it appears of record in his office, the appeal will not be dismissed on the ground that appellant failed to file a schedule in the lower court, or. that the clerk failed to certify that the entire record had been copied and transmitted to this court.

2.  Action—Equitable Action—Transfer to Common Law Docket—Error.—Where, in an equitable action, the only relief asked is an injunction restraining the defendant from trespassing on plaintiff's property, though the relief may depend on an issue of fact, it is error to transfer the case to the common law docket for a decision by the jury on the whole case. The proper practice is to order an issue out of chancery and submit only the question of fact to the determination of the jury.

3.  Action—Improper Transfer—Motion and Grounds for New Trial—Necessity For.—To rely on the error of the court in transferring: a purely equitable action to the common law docket for the de-. termination of the jury, it is not necessary to include same in the motion and grounds for a new trial.

4.  Witnesses—Impeachment—Section 597 Civil Code.—It is not proper to impeach a witness by evidence of, or inquiry as to, particular acts or crimes, nor is it proper to ask him whether or not he has been indicted or arrested for a particular offense. The only proper method of inquiry in regard to every offense is to ask him whether or not he has been convicted of a felony.

HAGER & STEWART, JESSE MORGAN, B. P. WOOTTON and L. E. HARVIN for appellant.

ROSCOE VANOVER and DAVID HAYES for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

Alleging that it was the owner and in the actual possession of a certain tract of land on Elkhorn Creek, in Letcher County, and that the defendant, Sam Vanover, threatened to enter on said land, tear down the dwelling house thereon and commit other acts of trespass, plaintiff, the Consolidation-Coal Company, brought this action against the defendant to enjoin him from trespassing on said land. The defendant pleaded, in substance, that he was the owner of a particularly described part of the land in question and denied that he was threatening to tear down the dwelling house or commit any acts of trespass on any portion of the land claimed by plaintiff, except that which he himself owned. Over the objection of the plaintiff, the case was transferred to the common law docket. A trial before a jury resulted in a verdict and judgment for the defendant. Plaintiff appeals.

We are met at the outset by a motion of the defendant to dismiss the appeal because plaintiff failed to file a schedule in the lower court, and the clerk of that court failed to certify that the entire record had been copied and transmitted to this court. In reply to this contention, it is sufficient to say that the clerk below copied, at the instance and direction of the plaintiff, the entire record in the case, and his certificate shows that the transmitted record, together with the stenographer's transcript of the evidence signed by the judge and endorsed by the clerk, is a true and correct copy of the case as it appears of record in his office. The motion to dismiss the appeal is, therefore, overruled.

The description of the tract in the deed under which plaintiff holds is, in part, as follows:

"Beginning at an oak tree on line of Jane Vanover's at ford of creek above Jane Vanover's residence."

There are two oak trees near the ford of the creek, the plaintiff claiming one as the beginning corner and the defendant the other. On the decision of this issue of fact depended plaintiff's right to relief. The court did not direct an issue out of chancery for the purpose of trying this issue of fact, but transferred the case to the common law docket and directed the jury to find either for the plaintiff or the defendant on the whole case. Upon the jury returning a verdict for the defendant, the court entered a judgment dismissing plaintiff's petition.

The principal question presented by the appeal is the propriety of the court's action in transferring the case to the common law docket. Section 6 of the Civil Code provides:

"Unless otherwise provided by this Code or other statutes.

"1. Actions of which courts of chancery had jurisdiction before the first day of August, 1851, may be equitable; and actions of which such jurisdiction was exclusive must be equitable.

"2. All other actions must be ordinary."

Section 12 of the Civil Code provides:

"In an equitable action, properly commenced as such, either party may, by motion, have the case transferred to the ordinary docket for the trial of any issue concerning which he is entitled to a jury trial; but either party may require every equitable issue to be disposed of before such transfer."

This is not an action for damages or mere trespass to try title. It is not an action where other than injunctive relief was asked and the injunctive relief was merely ancillary to the main relief. It is a case where the only relief asked was an injunction restraining the defendant from committing certain threatened acts of trespass on the property in question. This relief was asked on the ground that the defendant was insolvent and plaintiff had no other adequate remedy at law. Where relief by way of injunction is the sole and only relief asked, such an action was purely equitable before the first day of August, 1851, and courts of chancery alone had jurisdiction. The action being purely an equitable one, though depending on an issue of fact, it was error on the part of the chancellor to transfer the case itself to the common law docket with directions to the jury to return a general verdict. The proper practice in such a case is to order an issue out of chancery and submit only the question of fact to the determination of the jury. In a case like this of a purely equitable character, the verdict of the jury is merely advisory and is not entitled to the weight of the verdict of a jury in a common law action. In the latter case, the verdict can only be set aside when flagrantly against the evidence, whereas, in a case like this, the chancellor may disregard the verdict and enter judgment in conformity with his view of the weight of the evidence. Bannon v. Patrick Bannon Sewer Pipe Company, 136 Ky., 556.

There is no merit in the contention that the error of the court in transferring the case to the common law docket cannot be considered because it was not made a ground for a new trial. Being an error that occurred before the trial, it was not a part of the trial and it was not, therefore, necessary to make it a ground for a new trial. It stands on the same plane as any other error occurring before the trial commenced.

Over the objection of plaintiff, defendant was permitted, on the cross-examination of plaintiff's witness, Newt Fannin, to show that Fannin had been arrested on a warrant charging him with false swearing and taken to Pikeville on a certain day. Section 597 of the Civil Code is as follows:

"A witness may be impeached by the party against whom he is produced, by contradictory evidence, by showing that he has made statements different from his pres-

ent testimony, or by evidence that his general reputation for untruthfulness or immorality renders him unworthy of belief; but not by evidence of particular wrongful acts, except that it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of felony.''

There was no attempt to show, either by the witness himself or by the record of a judgment, that the witness had been convicted of false swearing. By the express provisions of the Code and by the uniform decisions of this court, it is not proper to impeach a witness by evidence of, or inquiry as to, particular acts or crimes, nor is it proper to ask him whether or not he has been indicted or arrested for a particular offense. The only proper method of inquiry in regard to every offense is to ask him whether or not he has been convicted of a felony. Ashcraft v. Com., 22 R., 1542, 60 S. W., 931; Powers v. Com., 110 Ky., 386, 22 R., 1807, 61 S. W., 735; Howard v. Com., 110 Ky., 356, 22 R., 1845, 61 S. W., 756; Welsh v. Com., 111 Ky., 530, 23 R., 151, 60 S. W., 185, 948, 1118, 63 S. W., 948, 64 S. W., 262; Parker v. Com., 21 R., 406, 51 S. W., 573; Wilson v. Com., 23 R., 1044, 64 S. W., 457; Mitchell v. Com., 23 R., 1084; Pennington v. Com., 21 R., 542, 51 S. W., 818; Leslie v. Com., 19 R., 1201, 42 S. W., 1092; Baker v. Com., 106 Ky., 212, 20 R., 1778, 50 S. W., 54; Britton v. Com., 96 S. W., 506, 29 R., 857, 123 Ky., 411; Hayden v. Com., 140 Ky., 634, 131 S. W., 521.

Judgment reversed and cause remanded for proceedings consistent with this opinion.