## Transylvania University v. McDonald's Ex'r.

March 24, 1939.

W. J. Baxter, Judge.

FRANK L. McCARTHY, MARCUS C. REDWINE and S. S. WIL-LIS for appellant.

BENTON & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is the second appeal of this case. See McDonald's Executor v. Transylvania University, 274 Ky. 168, 118 S. W. (2d) 171. The suit was filed to settle the estate of Jasper McDonald, deceased. On February 8, 1924, Mr. McDonald executed a pledge to Transylvania University, payable at his death. It was asserted by the executor that his decedent did not have mental capacity to execute the instrument and that it was secured by undue influence. He asked that the note be cancelled and that Transylvania be required to establish its claim, if any it had. Transylvania then filed an answer and counterclaim denying undue influence and lack of capacity, and alleging facts to establish its cause of action against the estate. This pleading was controverted of record and it was stipulated that the only issue to be determined was whether or not the decedent was mentally competent or was the subject of undue influence at the time of the execution of the paper. After the answer was filed and the issues made up, the executor moved for an issue out of chancery which was sustained without objection. Upon the trial, the jury returned a verdict finding that decedent did not have mental capacity to execute the instrument. The issue on undue influence was not submitted. Transylvania thereupon moved the court for a judgment notwithstanding the verdict and its motion was sustained. The executor thereupon appealed to this court and the judgment was reversed with directions to set it aside and for proceedings consistent with the opinion.

On the return of the case to the trial court, Transylvania made a motion to have the case set down for trial. The executor, on the other hand, moved the court to enter a judgment conforming to the verdict and dismissing the answer and counterclaim. The chancellor refused to assign the case for retrial and sustained the motion of the executor for judgment. This appeal followed. The questions now before us are whether this conformed to the directions of this Court on the first appeal and whether, under the Code, a new trial was required.

It was strenuously argued by the executor on the first appeal that the issue submitted was purely legal and should be treated as binding if not flagrantly against the evidence. Transylvania, on the other hand, insisted at that time that the verdict was advisory only and was properly disregarded by the chancellor. We said, page 171, 118 S. W. (2d) page 172:

"That the issue presented was an equitable one, finds convincing support in James v. Cullins, 214 Ky. 179, 282 S. W. 1106; Morawick v. Martineck's Guardian, 128 Ky. 155, 107 S. W. 759, 32 Ky. Law Rep. 971; Consolidation Coal Company v. Vanover, 166 Ky. 172, 179 S. W. 43; Winchester v. Watson, 169 Ky. 213, 183 S. W. 483; Barnes v. Johnson, 111 S. W. 372, 33 Ky. Law Rep. 803; Louisville & N. Railroad Company v. Tuttle, 180 Ky. 558, 203 S. W. 308; Hendrix v. Money, 1 Bush 306; Blakev v. Johnson, 13 Bush 197, 200, 26 Am. Rep. 254; McElwain v. Russell, 12 S. W. 777, 11 Ky. Law Rep. 649; Sellers v. Sellers, 162 Ky. 9, 171 S. W. 449."

In spite of our conclusion that the issue was equitable, we reversed the case because of our opinion that the verdict of the jury was correct and the conclusion of the chancellor in refusing to follow it was erroneous. The result of the decision was to sustain the verdict and to reverse the decision of the chancellor. The question of the weight to be given to the verdict of the jury was not, therefore, an essential link in the reasoning necessary to the conclusion reached.

The situation is now reversed and Transylvania is, in effect, insisting that the verdict of the jury was based on a legal issue and not an equitable one. It argues from this premise that the effect of our previous opinion was to reverse the case for a new trial as in other

common law actions and not simply to direct a judgment as in a proceeding which is purely equitable. Elkhorn Land & Improvement Company v. Wallace, 232 Ky. 741, 24 S. W. (2d) 560. It becomes necessary therefore to determine whether or not the issue was a legal one, for, if it was not, the present judgment of the chancellor was obviously in conformity with our opinion and no reason appears for subjecting the estate to the expense of another jury trial.

Originally, the common law took no cognizance of insanity as a defense to a suit on a contract. Williston on Contracts, Revised Edition, section 249. Even today, insanity, unaccompanied by over-reaching or fraud—where the other party is without knowledge of the insanity or without reason to suspect it—has been held to be no defense to an action on a contract. Fitzpatrick's Administrator v. Citizens' Bank & Trust Company, 231 Ky. 202, 21 S. W. (2d) 254. In the case at bar the petition was properly filed in equity and the prayer was for the cancellation of the claim of Transylvania University. Transylvania itself in its answer and counterclaim submitted to the jurisdiction of equity and made no motion to transfer the case to the common law docket. Indeed, it was stipulated that the only issue to be determined was whether or not the decedent was mentally competent or subject to undue influence at the time of the execution of the paper. In Quinn v. Hendren, 187 Ky. 283, 218 S. W. 1022, 1024, a suit was filed to cancel a deed on the ground of mental incompetence and undue influence. We said:

"Appellants' complaint of the circuit court's refusal to allow them a trial by jury of the issues of fact made by the pleadings cannot properly be sustained. The action being one of purely equitable cognizance, appellants were not, as a matter of right, entitled to a trial of the issues of fact by a jury. It was in the discretion of the court to allow it as an issue out of chancery, but it would not have been bound by the verdict of the jury. The refusal of the jury trial was not therefore an abuse of its discretion." See also Reese's Administrator v. Youtsey, 113 Ky. 839, 69 S. W. 708, 24 Ky. Law Rep. 603; Jones v. Wood, 70 S. W. 45, 24 Ky. Law Rep. 840.

The most that we can say for the contention of

Transylvania, under the authorities cited, is that the issue is one which may have been cognizable both at law and in equity. Even if it be true that the jurisdiction is concurrent and not purely equitable, nevertheless the verdict would not be binding on the chancellor. Gray v. Grimm, 157 Ky. 603, 163 S. W. 762. It is only where the issue is purely legal that the verdict must be measured by the rules of the common law. Morawick v. Martineck's Guardian, 128 Ky. 155, 107 S. W. 759, 32 Ky. Law Rep. 971.

It follows from the foregoing that the first appeal to this court involved a controversy of an equitable nature unaffected by any right to the trial of a strictly legal issue before a jury. This being true, we do not think the chancellor erred in entering a judgment in conformity with our opinion on the first appeal and in conformity with the verdict of the jury theretofore rendered. We see no reason for him to do otherwise.

Judgment affirmed.