In the Matter of Robert L. Jones, Appellant, against Joseph P. Kelly, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Fourth Department, December 23, 1959.

*Laverne & White (George T. White, Jr.,* and *Ronald J. Buttarazzi* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Edwin R. Oberwager* and *Paxton Blair* of counsel), for respondent.

BASTOW, J.  In March, 1959 the respondent, Commissioner of Motor Vehicles, had before him three certificates showing that within a period of 18 months appellant had plead guilty twice to speeding in violation of section 56 of the Vehicle and Traffic Law and once to reckless driving, a misdemeanor.  (§ 58.)  On the first occasion appellant had been fined $15 and on the second a fine of $50 had been imposed.  We are here concerned with the third certificate which shows that on December 24, 1958 petitioner plead guilty to reckless driving.  The sentence imposed as shown on the certificate was " Fine susp."  On March 20, 1959 petitioner's operator's license was revoked because of these three " convictions " within a period of 18 months.

An article 78 proceeding was commenced to annul this determination.  The sole issue presented upon this appeal is whether

or not the failure to impose a sentence upon the plea of guilty to reckless driving constituted a conviction within the meaning of section 71 (subd. 2, par. [c]) of the Vehicle and Traffic Law which mandates a revocation " where the holder is convicted * * * (c) of a third or subsequent violation, committed within a period of eighteen months, of any provision of section fifty-six of this chapter * * * or any provision constituted a misdemeanor by this chapter ". Special Term held that there was a " conviction " and dismissed the proceeding.

For scores of years courts have wrestled with the problem of the meaning of the word " conviction ". Is proof thereof established by a plea of guilty or finding of guilt following trial or is it necessary to prove that thereafter judgment was entered thereon by imposition of sentence or other affirmative action? The issue was posed in *Schiffer* v. *Pruden* (64 N. Y. 47) where the court said (p. 52): " Doubtless the word *conviction* ordinarily signifies the finding of the jury by a verdict that the accused is guilty. Yet the word sometimes denotes the final judgment of the court. [Citing cases.] Thus the case of a witness rendered incompetent to testify, by conviction for an infamous crime, has an analogy. The language of the law is, that he is rendered incompetent by his conviction of treason, felony or *crimen falsi*; but to shut him from the witness-box, his conviction must be shown by a judgment. [Citing cases.] "

The question has most frequently arisen in decisions relating to multiple offenders. (See Ann. 5 A. L. R. 2d 1080.) It may be stated as a generality that at common-law conviction by plea or verdict was an intermediate step and pronouncement of sentence was required to constitute a judgment of conviction — " in criminal cases, in the vocabulary of the common law, the sentence given by the court is the judgment rendered by it." (*Manke* v. *People*, 74 N. Y. 415, 424.)

This rule was followed in *People* v. *Fabian* (192 N. Y. 443) although the court recognized that under certain circumstances a conviction might result from a verdict as distinguished from a judgment. There the defendant had been indicted for voting at an election when not qualified therefor. The statute prohibited such voting by one convicted of a felony. The defendant had been tried and convicted of burglary but sentence had been suspended. It was held that the defendant had not been " convicted ". The court said (p. 449): " It may readily be conceded that the words *convicted* and *conviction* are often employed with reference to the verdict in a criminal case as distinguished from the judgment, without affecting the validity of this argument as to the meaning of *convicted* in the constitutional provi-

sion under consideration and in the legislative enactments adopted in pursuance thereof. * * * This use of the term, [judgment of conviction] with varying meanings, even in the same statute, and extending right down to the immediate present, certainly demonstrates that there is no fixed signification which the courts are bound to adopt, and leaves us the utmost freedom of inquiry as to what was intended when the legislature was empowered to disfranchise convicted citizens.''

Inasmuch as the appellant relies on some of the decisions relating to multiple felony offenders it may be helpful to digress and mention a few although it is doubtful that they are here relevant. This State for many years has provided by statute for increased punishment of second felony offenders. The early statutes provided that a second offender should receive additional punishment upon proof of a former conviction of an offense punishable by imprisonment in a State prison and a discharge of the prisoner either upon being pardoned or upon the expiration of his sentence. (2 Rev. Stat. of N. Y., part IV, ch. I, tit.VII, § 8; *Wood* v. *People*, 53 N. Y. 511.) When the Commissioners of the Code pursuant to statutory authority (L. 1857, ch. 266) in 1864 presented to the Legislature a proposed Penal Code the statutory scheme was changed (§ 748) so as to make a second offender liable for increased punishment if he had been '' convicted of any offense punishable by imprisonment in a state prison ''. The Commissioners noted that '' the provision [was] being extended to embrace cases of offenders who, upon a first conviction of a crime punishable in the discretion of the court by imprisonment in a state prison or otherwise, received sentence for the alternative punishment; instead of being confined to those who have been actually discharged from imprisonment upon the first conviction.'' (Penal Code, Report of Commissioners, p. 276.)

When the new Penal Code was enacted (L. 1881, ch. 676) section 688 thereof adopted in substance this recommendation and made the test whether one committed a felony '' after having been convicted within this state, of a felony ''. All reference to discharge from prison by expiration of sentence or pardon was omitted. It may be surmised that in the light of this statutory history doubt arose as to the necessity of proving the imposition of sentence to constitute a first felony conviction. In any event the Legislature (L. 1893, ch. 651) enacted present section 470-b of the Code of Criminal Procedure. It is therein provided in substance that for the purpose of indictment and conviction of a *second* offense, a plea or verdict and suspension of judgment shall be regarded as a conviction.

In *People ex rel. Marcley* v. *Lawes* (254 N. Y. 249) it was held that the provision of this section had no applicability to an alleged fourth offender within the meaning of section 1942 of the Penal Law. In other words, the finality of a judgment establishing each of the prior convictions was required. The court based its decision on its previous holding in *People* v. *Fabian* (192 N. Y. 443, *supra*). And in *People* v. *Shaw* (1 N Y 2d 30) the court decided that section 470-b was not applicable to a third offender and that one who had been twice " convicted " of a felony but had received a suspended sentence upon one of the " convictions " could not be sentenced as a third offender under section 1941.

There can be distilled from these decisions one rule that is helpful in deciding the present case. That is the pronouncement in the *Fabian* case (192 N. Y. 443, 449, *supra*) that in the search for the meaning of the word " conviction " or the phrase " judgment of conviction " there is no fixed significance to them and courts are free to look for the legislative intent. As was said in *Matter of Richetti* v. *New York State Bd. of Parole* (300 N. Y. 357, 360): " We have had occasion to point out that the word ' conviction ' is of equivocal meaning and that the use of the term may vary with the particular statute involved. It presents a question of legislative intent. [Citing cases.] "

Thus, in *Matter of Lewis* v. *Carter* (220 N. Y. 8) the District Attorney of Kings County moved for a writ of mandamus to compel the Parole Board to rescind a parole granted to one Bassi. In 1902 the latter had been convicted of a felony and received a suspended sentence. In 1914 he was again convicted of a felony and sentenced to three years in prison. The statute provided that a first offender should receive an indeterminate sentence and the imposition of a determinate sentence upon Bassi was an implied finding that he was a second offender. Thereafter, the board paroled Bassi under a section of the Prison Law, which stated (p. 17) that such action might be taken in the case of a person " who has never before been convicted of a crime punishable by imprisonment in a state prison." In approaching the problem the court said (p. 16) that " The word ' convicted ' or ' conviction ' is of equivocal meaning. It may mean the adjudication of guilt whether by plea, finding or verdict. It may mean the adjudication and the judgment, or sentence." It was held that the board was without authority to grant the parole.

*Matter of Weinrib* v. *Beier* (294 N. Y. 628), where the court wrote in denying leave to appeal, is factually more similar to the instant case. Petitioner was a dentist who had been indicted

for attempt to commit murder in the first degree and assault, second degree. He pleaded guilty to the latter crime and sentence was suspended. Pursuant to a section of the Education Law which stated that "A conviction of felony shall forfeit a license to practice dentistry" the respondent board cancelled petitioner's license. The determination was confirmed in an article 78 proceeding in Special Term (BERGAN, J.). The Appellate Division affirmed (269 App. Div. 481). In denying leave to appeal the Court of Appeals referred to the cases enunciating the rule that the court must seek the legislative intent and concluded (p. 632) that when a member of a profession pleads guilty to a felony "the Legislature clearly intended that such plea constituted conviction of a felony, even though probation followed rather than commitment to prison."

In the area of the licensed professions attorneys have been disbarred upon a plea of guilt to a felony although sentence was suspended. (*Matter of Sugarman,* 237 App. Div. 346.) In *Matter of Newell* (157 App. Div. 907, 908) it was said that an attorney's "plea of guilty is conclusive evidence of the respondent's guilt and, having pleaded guilty to such a charge, no further evidence is required to show that he is not a fit person to remain a member of the profession."

Lastly, in *De Veau* v. *Braisted* (5 N Y 2d 236) it appeared that a provision of the Waterfront Commission Act prohibited certain activities by a labor organization if any officer or agent thereof had been convicted of a felony. De Veau sought, among other things, a judgment declaring that the statutory provision did not apply to him because his former plea of guilt to a felony resulted in a suspended sentence. The court recited many of its earlier decisions, reviewed other provisions of the act and concluded (p. 243) that "the legislative purpose was to bar from waterfront union positions all persons with felony records even though never subjected to actual imprisonment or fine."

An examination of section 71 (subd. 2, par. [c]) of the Vehicle and Traffic Law reveals rather clearly the legislative intent. In the event that an operator is "convicted" of certain crimes or offenses the Commissioner is mandated to revoke the license. The purpose thereof is not primarily to impose increased punishment upon the motorist. It is to remove from the highways those operators of motor vehicles who by their conduct (criminal negligence, driving while intoxicated, reckless driving and speeding) have shown that they are a potential hazard to the person and property of others. Whether sentence is imposed or suspended is immaterial. The plea with which we are here concerned was to the misdemeanor of reckless driving and the

Magistrate, who could have imposed both a fine and jail sentence, entered on his records "fine suspended." What was thus done, however, becomes immaterial in viewing the scheme of the statute. The vital part is that petitioner by a formal plea admitted that he drove a vehicle recklessly. The Legislature clearly intended that such plea should constitute a conviction within the meaning of section 71 (subd. 2, par. [c]).

This conclusion is fortified by other provisions of section 71. It is stated in subdivision 2 thereof that the license of one, who forfeits bail given upon being charged with any of the offenses mentioned in the subdivision, must be suspended until he submits to the jurisdiction of the court in which he forfeited bail. Furthermore, the last paragraph of the section grants the right of a hearing where revocation or suspension of license is permissive, except where such action is based solely on a court conviction. Thus, in the area of suspension or revocation of licenses it appears that the Legislature intended that when operators were charged with certain offenses they should be forced to appear in court with a resulting finding of innocence or guilt. In the event of the latter by plea or following trial a "conviction" resulted. The Legislature had in mind the prompt barring from the highways of these repeated offenders. The subject of increased punishment for subsequent offenses as distinguished from loss of license is found elsewhere in the law. (Cf. Vehicle and Traffic Law, § 70.)

The order should be affirmed.

All concur. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

Order affirmed, without costs of this appeal to either party.