**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Carlos REYNOLDS, Appellee.**

Court of Appeals of Kentucky.

March 15, 1963.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellant.

Robert L. Gullette, Nicholasville, for appellee.

MOREMEN, Judge.

A grand jury of Jessamine County returned separate indictments accusing Carlos Reynolds of the crime of uttering a forged check. At a trial held on the indictments the accused entered a plea of guilty to each one and thereupon the court found him guilty and entered an order fixing his punishment at two years' confinement in the penitentiary on each offense and thereafter, on motion, the court entered an order which reads in part:

"It is ordered and adjudged that the entering of judgment and the sentencing of the defendant are hereby postponed and the defendant is placed on probation under the supervisor of the Division of Probation and Parole for a period of three years subject to defendant's compliance with the following conditions * * *."

About a year later Carlos Reynolds was indicted for the crime of maliciously cutting and stabbing another with intent to kill. Upon a trial in the same court the defendant was asked on cross-examination if he had ever been convicted of a felony. Our prob-

lem here is whether such a question was proper under CR 43.07, which reads:

"A witness may be impeached by any party, without regard to which party produced him, by contradictory evidence, by showing that he had made statements different from his present testimony, or by evidence that his general reputation for untruthfulness renders him unworthy of belief; but not by evidence of particular wrongful acts, except that it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of a felony."

It is argued that nothing short of a final judgment of conviction may be used as a basis for attacking the credibility of a witness and that since a final judgment had not been entered, no conviction had been had.

■ It has been held that the word "convicted" (or "conviction") is equivocal and its meaning may vary according to its use in a particular statute. DeVeau v. Braisted, 5 A.D.2d 603, 174 N.Y.S.2d 596. The opinion in Dial v. Commonwealth, 142 Ky. 32, 133 S.W. 976, recognized that the word admits of different interpretations and said it had a twofold meaning: One is the determination of the fact of guilt, as by the verdict of a jury or by confession. The other denotes the final judgment in a prosecution when it is employed in speaking of a state of infamy. The truth of those observations will be impressed upon anyone who peruses the thirty-eight pages in Words and Phrases, Vol. 9A, which are devoted to cases in which this word has been defined. The word generally means the ascertainment of defendant's guilt by some legal mode and an adjudication that the accused is guilty. This may be accomplished by a confession by the accused in open court, a plea of guilty or a verdict which ascertains and publishes the fact of guilt. We believe in the majority of those cases and in the majority of jurisdictions (although we have

not counted noses), the word "conviction" is not limited to a final judgment.

In this state we do not seem to have achieved unanimity of thought in each opinion so it is therefore required that we discuss a few of them in detail.

In Foure v. Commonwealth, 214 Ky. 620, 283 S.W. 958, where a witness had been convicted of a felony—but the case was then pending on appeal to this court—the court held:

"While in a proper case a witness may be impeached by asking him as to his being convicted for a felony, this was error for two reasons: First. The Code provision (section 597, Civil Code [of Practice] ), authorizing such impeachment, refers to a judgment of conviction, which of course means the final judgment. Ordinarily, this refers to the judgment of the circuit court, but an appeal in a criminal case suspends the judgment, and this does not become final until a termination of the appeal. If the witness' case is reversed and on final trial he should be acquitted, it will not be contended that on a subsequent trial he could be impeached by showing such conviction, and during the pendency of the appeal it cannot be determined what the final judgment will be."

The same conclusion was reached in Consolidation Coal Company v. Vanover, 166 Ky. 172, 179 S.W. 43; Stewart v. Commonwealth, 185 Ky. 34, 213 S.W. 185; Sullivan v. Commonwealth, 158 Ky. 536, 165 S.W. 696.

In Prewitt v. Wilson, 242 Ky. 231, 46 S.W.2d 90, an election contest case, where the votes of two persons had been challenged because the voters had been convicted of a felony and where it was shown that at the trial the jury had returned a verdict of guilty as charged in the indictment and punishment was fixed at one year in the state penitentiary, but where the record did not show that judgment had been entered on the

verdict, it was held that under such circumstances the verdict should not be regarded as conviction because "[a] verdict is but the basis of a judgment which carries it into effect."

It is hard to reconcile the foregoing cases with the late case of Winn v. Commonwealth, Ky., 303 S.W.2d 275, where it was held:

"There is no merit in appellant's argument that one of his previous felony convictions in Indiana was suspended, therefore it did not amount to a conviction. The obvious answer to this argument is there could have been no suspension of the sentence had there not been a previous conviction. Our habitual criminal statute, KRS 431.190, deals with convictions of second and third offenses and not with whether sentences imposed thereon are served, suspended or probated. * * * We are not inclined to follow People v. Schaller, 224 App.Div. 3, 229 N.Y.S. 492, holding 'conviction' as used in the New York statute implies final judgment or sentence by the court and that increased punishment cannot be inflicted unless the sentence imposed by the original judgment is served. Neal v. Com., 221 Ky. 239, 298 S.W. 704, and City of Pineville v. Collett, 294 Ky. 853, 172 S.W.2d 640, relied upon by appellant, are not in point. They correctly hold that a conviction is not final in case of an appeal until after the appellate court has affirmed the judgment."

Our rule in connection with the statute dealing with recidivistic criminals seems to differ from the one applied in connection with other statutes. Such distinction must have resulted from an attempt by the courts to determine legislative intent in each case. In Jones v. Kelly, 9 A.D.2d 395, 194 N.Y.S. 2d 585, it was said:

"There can be distilled from these decisions one rule that is helpful in deciding the present case. That is the

pronouncement in the Fabian [People v. Fabian] case, supra, 192 N.Y. 443, 449, 85 N.E. 672, 674 [18 L.R.A.,N.S., 684] that in the search for the meaning of the word 'conviction' or the phrase 'judgment of conviction' there is no fixed significance to them and courts are free to look for the legislative intent. As was said in Richetti v. New York State Board of Parole, 300 N.Y. 357, 360, 90 N.E.2d 893, 895: 'We have had occasion to point out that the word "conviction" is of equivocal meaning and that the use of the term may vary with the particular statute involved. It presents a question of legislative intent.' (Citing cases.)"

This idea also seems to have been suggested in the opinion in the Dial case where it was observed that the word "conviction" admits of different interpretations.

With that in mind, let us examine CR 43.07 which, by virtue of KRS 447.155 applies to criminal proceedings. The purpose of CR 43.07 was to aid the court and the jury in determining whether a witness is unworthy of belief. This may be accomplished by several means: (2) by contradictory evidence; (b) by showing that he had made statements different from his present testimony; (c) by evidence of his general reputation for untruthfulness; and (d) by conviction of a felony.

The writer has never been convinced that a felon is always a perjuror—but we have accepted that premise and the conception is embodied in our law. Nevertheless, where a felon is offered as a witness, the purpose of impeachment is to show the character of the witness and not the extent or the nature of the punishment which had been inflicted because of his wrongdoing. It is apparent that this trait of character is sufficiently demonstrated and his status fixed when the criminal is found guilty either by a plea of guilty, a verdict or the imposition of a sentence, even though the sentence is never satisfied according to the strict terms of its imposition. As was stat-

ed in Tanzer v. United States of America, 9 Cir., 278 F.2d 137:

"Satisfaction of judgment is quite different in its significance from forgiveness of the offense. Satisfaction may be had by serving of sentence or * * * by fulfillment of the terms of probation. Society, in many respects, however, has seen fit to render significant the fact of conviction of a felony and to attach the attributes of status to a convicted felon."

When a felon is offered as a witness under CR 43.07 the purpose of impeachment is to warn the court and the jury that testimony given by him may not be worthy of belief because of his status as a criminal. The Rule is not concerned with the penalty which may or may not have been imposed or whether, if one was imposed, the accused served out his time in the penitentiary. If it is shown that he has been guilty of a felony and his guilt has been fixed either by a plea of guilty or a verdict of the jury, he has been convicted so far as this Rule is concerned and his testimony is to be accepted with suspicion. If the presumption of innocence has been overcome, the extent of the penalty is of little importance and he has been convicted of a felony under this particular Rule.

It may be noted that under CR 43.07 a witness may be impeached by a general reputation for untruthfulness, but in this connection it is not necessary to show that he ever paid any penalty because of his lack of character. There may be no taint of criminality whatsoever.

Plainly it was the intention of the Rule only to fix the status of the witness and the circuit court erred in rejecting evidence on this point.

The law is so certified.